## GEORGE E. ALLEN *vs.* JOHN A. CODMAN.

Suffolk.   Jan. 21. — March 25, 1885.   FIELD, DEVENS, & COLBURN, JJ., absent.

In an action for a malicious prosecution, the following facts appeared: The plaintiff was the tenant of the defendant under a lease which gave the lessee the right to make such alterations "as do not injure the existing buildings, or impair their strength, or affect any insurance thereon, but no others," and the lessee covenanted not to use the building in any manner that shall be "liable to endanger or affect any insurance on said building, or to increase the premium thereof." The lessee removed a rear wall of the leased building. The lessor was notified by his insurer that the insurance was thereby terminated, and he paid an additional premium to have it continue; and, acting under the advice of counsel, brought an action of ejectment against the lessee, (which was the alleged malicious prosecution,) and judgment was entered for the lessee. There was conflicting evidence of experts, put in by each side, without objection, on the question whether the risk was injuriously affected by the change. *Held,* that there was no evidence to be submitted to the jury of want of probable cause in bringing the ejectment suit.

A cause of action for breaking and entering the plaintiff's close cannot be joined in one count with one for malicious prosecution.

TORT, in two counts. The first count was for breaking and entering the plaintiff's close in Boston. The second count alleged that the defendant forcibly entered the plaintiff's close in

Boston, the defendant being the lessor and the plaintiff the lessee named in a certain lease for a term of years which had not then expired, and maliciously and without probable cause pretended to forfeit the lease by such entry, and commenced an action in ejectment in the Municipal Court of the city of Boston, which action was tried, and judgment was entered therein for the then defendant, to the damage of the plaintiff, &c.

At the trial in the Superior Court, before *Barker*, J., it was stated by the plaintiff that the two counts were for the same cause of action. The judge ruled that the declaration set up two distinct causes of action; and the plaintiff thereupon struck out the first count, and claimed the right to try the case upon the second count, as setting up a continuous tort, embracing as one cause of action both the entry and suit, and all the other acts of the defendant alleged in that count, but stating that for the acts constituting the alleged unlawful entry only nominal damages were claimed. The judge thereupon required the plaintiff, against his objection, to elect whether he would rely, under the second count, upon the alleged unlawful entry, or upon the alleged malicious prosecution; and ruled that, if the plaintiff elected to rely upon the latter cause, the allegations in regard to the entry could be proved only as matter of inducement, and not as ground of substantial damages.

The lease contained this clause: " It is expressly agreed that all repairs and alterations that may be required or made upon said buildings during said term shall be made by the lessee at his own expense, and that the lessee may make such alterations as do not injure the existing buildings, or impair their strength, or affect any insurance thereon, but no others." In the printed part, the lessee covenanted not to use or " allow the leased premises, or any part thereof, or anything thereon, to be used, or to be at any time during the continuance of this lease in any condition that shall be injurious to any person or property, or liable to endanger or affect any insurance on said building, or to increase the premium thereof; that no alterations or additions shall be made during the term aforesaid in or to the same without the consent of the said lessor, or of those having his estate in the premises, being first obtained in writing allowing thereof, except as aforesaid."

At the close of the testimony, the judge ruled, as matter of law, that there was probable cause for the defendant's action of ejectment; and ordered a verdict for the defendant. The plaintiff alleged exceptions, which appear in the opinion.

*J. P. Treadwell*, for the plaintiff.

*J. H. P. Dodge*, for the defendant.

HOLMES, J. The main question in this case is whether the court below was right in ruling that there was probable cause for the defendant's suit in ejectment. It seems that the ground relied on at the trial of that suit was an alleged breach of condition in the lease to the present plaintiff (the defendant in that suit). The breach consisted in taking down a back wall, which act, it was alleged, affected, or was liable to endanger or affect, the insurance on the building.

At the trial of the present cause, evidence of experts was put in, without objection, on both sides of the question whether the risk was injuriously affected by the change. Of course, if the defendant's experts were believed, he not only had probable cause for his ejectment, but ought to have prevailed in it. We can see nothing in the bill of exceptions that would warrant the suggestion that the defendant's experts, even if mistaken, were not testifying honestly; and if they did honestly hold the opinion which they testified to, and the question was one which depended upon expert opinions for its answer, the defendant had probable cause for his suit, because he knew their opinions before bringing it. But it may be suggested that, if the plaintiff did not believe those opinions, his knowledge of them would not be a justification. No doubt there are cases in which it could not be said that the defendant acted on probable cause, if the state of facts was such as to have no effect on his mind. *Broad* v. *Ham*, 5 Bing. N. C. 722, 725. But we should be slow to admit that a man had not probable cause for trying his rights upon a civil issue depending upon expert opinions, when he knew that reputable experts entertained an opinion, and were ready to testify, in his favor, merely because his judgment did not coincide with theirs; more especially when, as we must assume in this case, he is not himself an expert in the matter. But however this may be, we see no evidence that the defendant did not believe that the insurance was affected and the conditions of the lease

broken. On the contrary, beside the action of the insurance agents, in notifying him that the removal of the wall had avoided the insurance, and in demanding an additional premium, he was advised by his counsel that the conditions had been broken. There is no dispute that the advice was honestly given, and we can find no evidence that it was not believed. Supposing that it might have been open to argue that the defendant was acting from other motives, that fact would have made no difference unless he also believed that the advice of his counsel was wrong. If he believed the advice, he had probable cause. *Stone* v. *Swift,* 4 Pick. 389. *Olmstead* v. *Partridge,* 16 Gray, 381, 383.

The failure of the ejectment suit is not of itself evidence of want of probable cause. *Stewart* v. *Sonneborn,* 98 U. S. 187, 195. *Vanderbilt* v. *Mathis,* 5 Duer, 304. See *Cloon* v. *Gerry,* 13 Gray, 201. And on the whole case we are of opinion, not only that the plaintiff failed to sustain the burden of proof resting upon him by any evidence, but that the undisputed facts justified the ruling of the court.

The ruling that, if the plaintiff relied on the alleged malicious prosecution, the allegation of an entry in the same count could be proved only as matter of inducement, and not as ground of substantial damages, was correct. A cause of action for trespass cannot be joined in one count with one for malicious prosecution. *Exceptions overruled.*