DANIEL A. MONAGHAN *vs.* EDWARD S. COX.

Essex.   November 5, 1891. — February 24, 1892.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Malicious Prosecution — Evidence — Probable Cause.*

In an action for malicious prosecution, evidence that the defendant, in commencing the prosecution, acted upon the advice of the magistrate who received the complaint, is admissible upon the question of probable cause.

TORT, for malicious prosecution.   Trial in the Superior Court, before *Braley*, J., who allowed a bill of exceptions, in substance as follows.

It appeared in evidence, that on March 7, 1889, the defendant went before the First District Court of Essex, held at Salem to receive criminal complaints, and made and signed a complaint charging the plaintiff with breaking and entering the defendant's dwelling-house in the night-time of February 28, 1889, with intent to commit larceny therein; and that on March 8, 1889, the plaintiff was tried in that court upon the complaint, and discharged.        •

The defendant then offered to prove that, at the time of making the complaint, he went to the justice of the district court, not intending to make a criminal complaint, but to obtain a search-warrant for the purpose of seeing if he could find any of the property which he claimed had been stolen from his house before February 28, 1889; that he disclosed fairly to the justice all the facts in his knowledge in reference to the breaking and

entering of his house on that day, and was advised by the justice that, under the circumstances, the proper method of procedure would be by criminal complaint in the form that was actually issued, rather than, as he intended, by search-warrant; that such justice was a member of the bar of this Commonwealth; and that thereupon the defendant, acting under such advice, went to the office of the clerk of the district court, and caused the complaint to be made, and signed and swore to the same. It was not contended that the defendant, on March 7, went to the justice to consult him as a lawyer, but that he went to him as the justice of the district court for the purpose of making a complaint for a search-warrant. The judge excluded the evidence offered; and the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. P. Moulton & N. J. Holden*, for the defendant.

*H. F. Hurlburt*, (*F. L. Evans & D. W. Quill* with him,) for the plaintiff.

BARKER, J. The offer of proof was evidently considered at the trial as an offer to show such a state of facts as would have been a justification if the counsellor whose advice the defendant followed had not been the magistrate to whom his complaint was addressed. It ought not to receive a narrow or technical construction, and we are therefore free to consider the principal question raised, which is whether, upon the defence of probable cause in an action for malicious prosecution, the defendant may show that in making the complaint he acted upon the advice of the magistrate to whom the complaint was addressed.

The state of the authorities upon this branch of the subject of probable cause as a defence in such actions is this. It has been commonly held that the advice of counsel is a protection. *Ravenga* v. *Mackintosh*, 2 B. & C. 693. *Stone* v. *Swift*, 4 Pick. 389. *Olmstead* v. *Partridge*, 16 Gray, 381. *Allen* v. *Codman*, 139 Mass. 136. *Donnelly* v. *Daggett*, 145 Mass. 314. *Stewart* v. *Sonneborn*, 98 U. S. 187. *Bernar* v. *Dunlap*, 94 Penn. St. 329. *Cooney* v. *Chase*, 81 Mich. 203. *Wicker* v. *Hotchkiss*, 62 Ill. 107. *Eastman* v. *Keasor*, 44 N. H. 518. *Ash* v. *Marlow*, 20 Ohio, 119. *Paddock* v. *Watts*, 116 Ind. 146. But not if the counsel is himself interested. *White* v. *Carr*, 71 Maine, 555.

The advice of magistrates who are not counsellors at law has been held no protection. *Olmstead* v. *Partridge, ubi supra. Straus* v. *Young,* 36 Md. 246. *Coleman* v. *Heurich,* 2 Mackey, (D. C.) 189. *Brobst* v. *Ruff,* 100 Penn. St. 91. *Gee* v. *Culver,* 12 Oregon, 228. *Cooney* v. *Chase, ubi supra. Gilbertson* v. *Fuller,* 40 Minn. 413. *McLeod* v. *McLeod,* 73 Ala. 42, 46. In *Sisk* v. *Hurst,* 1 W. Va. 53, the advice of a magistrate was held to protect, but the report does not show whether he was a counsellor at law. In *Turner* v. *Dinnegar,* 20 Hun, 465, advice given by a magistrate who was also a counsellor at law was held to be a protection. In England, if under the statute conferring jurisdiction upon the magistrate he is required before granting the warrant to try the question of probable cause, the complainant is not liable to an action. *Hope* v. *Evered,* 17 Q. B. D. 338. *Lea* v. *Charrington,* 23 Q. B. D. 45. See St. 48 & 49 Vict. (Crim. Law Amendment Act), c. 69, § 10. Where the advice is given by an attorney general, county attorney, or prosecuting officer in his official capacity, it is a protection. *Smith* v. *Austin,* 49 Mich. 286. *Yocum* v. *Polly,* 1 B. Mon. (Ky.) 358. *Huntington* v. *Gault,* 81 Mich. 144. *Schippel* v. *Norton,* 38 Kans. 567.

The logic of the defence is, that the proceedings alleged to have been malicious were in fact instituted in good faith and upon probable cause; and that it is upon the whole better that he who thus sets them in motion with the purpose of vindicating the law should be protected in the act, although an alleged offender may sometimes suffer unjustly, than that wrong and crime should go unpunished because of the danger incurred in making complaints. To establish the defence, it is required of the party himself, if he claims protection because he acted upon the advice of others, that he shall act in good faith believing that he has good cause for his action, and not seeking to procure an opinion in order to shelter himself; that he shall make a full and honest disclosure of all the material facts within his knowledge or belief; that he shall be himself doubtful of his legal rights, and shall have reason to presume that the person to whom he applies, or whose advice he follows, is competent to give safe and prudent counsel; and that he shall honestly pursue the directions of his adviser; the adviser must be learned in the law, and of such training and experience that he may

safely be presumed to be competent to give wise and prudent counsel in important matters, and must act under a sense of responsibility. By our own decisions above referred to, if upon the evidence it is clear that the complainant so acted, and that his adviser was a counsellor at law, the defence is established, and the court will direct a verdict for the defendant. *Allen* v. *Codman*, 139 Mass. 136. But if upon the evidence the facts essential to the defence are in dispute, they are to be submitted to the jury.

In the case at bar the question is not whether a verdict for the defendant should have been ordered, but whether evidence that he acted under advice should have been admitted. Inasmuch as the advice was given by a magistrate who was a counsellor at law, the case is not governed by the decision in *Olmstead* v. *Partridge*, 16 Gray, 381. We agree entirely with the principles of that decision, and with their statement and discussion by the distinguished jurist by whom the opinion was written. At the same time it is a question whether the judicial system of the Commonwealth has not, since the time of that decision, been so changed and improved in respect to the learning, capacity, and standing in the community of the magistrates now intrusted with the power of issuing warrants in criminal cases that the conclusion then reached, that evidence that the complainant acted upon the advice of a justice of the peace who was not a counsellor or attorney at law was incompetent to disprove malice, ought to be now reconsidered.

*Olmstead* v. *Partridge* was decided in the year 1860. Since that time the authority to issue warrants for criminal offences has been taken from ordinary justices of the peace, and is lodged in officers specially designated for the purpose, and in trial justices, and the justices of police, district, and municipal courts. A very large majority of the gentlemen now having this authority are members of the bar, and all have been selected with care, and are known to the community as wise and discreet men. Besides this they are disinterested and independent, and not, as was sometimes felt to be the case with justices of the peace under the old system, under the control or influence of particular persons. No one expects that the old order of things will be reinstated, or that less care will in the future be exercised in the selection of

the magistrates to whom, under the present system, the duty of receiving complaints is intrusted. If, then, it is clear that our magistrates of this class possess the qualifications and are free from the disqualifications mentioned in the opinion of the court in *Olmstead* v. *Partridge*, the same principles which led the court to its decision in that case now require us to decide differently. In that case Bigelow, C. J. says: "In actions for malicious prosecution, it has been held to be competent for the defendant to prove, in order to establish the fact of probable cause, that in prosecuting the plaintiff on a criminal charge he acted in accordance with the advice of counsel on a full and correct statement of all the material facts bearing on the case. . . . But such testimony has always been limited to communications with counsel or attorneys. Statements made to other persons and advice given by them have never been deemed admissible. The law wisely requires that a party who has instituted a groundless suit against another should show that he acted on the advice of a person who by his professional training and experience and as an officer of the court may be reasonably supposed to be competent to give safe and prudent counsel on which a party may act honestly and in good faith, although to the injury of another. But it would open the door to great abuses of legal process, if shelter and protection from the consequences of instituting an unfounded prosecution could be obtained by proof that a party acted on the irresponsible advice of one who could not be presumed to have better means of judging of the rights and duties of the prosecutor on a given state of facts than the prosecutor himself." We believe that it is now a commonly recognized fact that the magistrates authorized to issue warrants in this Commonwealth have such knowledge of the law, and such training and experience, that they may reasonably be supposed to be competent to give safe and prudent counsel, and that they are so situated that, if they advise, their action will be disinterested and under a sense of responsibility due to their position, and that they are no longer open to the charge of acting irresponsibly, and with no better means of judging of the rights and duties of a prosecutor than the prosecutor himself.

Unless, therefore, it is improper for magistrates of this description to advise those who approach them with complaints,

evidence of the giving of such advice by a magistrate ought not to be excluded. In dealing with this branch of the question, great weight must be given to the usual and settled habits and customs of our people. In regard to formal matters, and in certain kinds of proceedings, the poor, the unlettered, and the unfortunate have been and are accustomed to obtain advice from magistrates and justices of the minor courts, when circumstances make it necessary for them to have recourse to the law. This feature of our judicial system has been well known, and no indication is found in the legislation which during the last thirty years has abolished most of the judicial powers of justices of the peace, and established the present system of minor courts, that it was wrong or disadvantageous or distasteful to the people. Upon the whole, it is a wise custom, which promotes the wholesome administration of justice, and the exercise of which may be safely left in the hands of such magistrates. While all magistrates should so far as possible keep themselves unbiased, and should ordinarily refrain from expressing an opinion on matters which are to come before them judicially, there are cases in which they are to exercise discretion, and are required to take preliminary action, when they may properly state their views in reference to the phase of the case presented. Upon the question whether, under certain circumstances stated, a formal complaint of this or that character ought to be made and a warrant issued, we cannot say that it is improper for such magistrates to give advice, and it follows that no good reason now exists why in this Commonwealth evidence that a complaint was made upon the advice of such a magistrate should be inadmissible upon the question of probable cause.

We are not to be understood as now deciding that such advice is equivalent as a protection to the advice of a counsellor at law, retained by the prosecutor and acting under the usual responsibility to his client and to the courts. But we do think that it is a circumstance tending to show that the prosecutor acted in good faith and with probable cause for his action, and that the jury should be allowed to consider it and to give it such weight as it may deserve.

*Exceptions sustained.*