## J. J. McCormick, Defendant in Error, v. Louis Weber & Company, Plaintiff in Error.

### Gen. No. 19,422.

1. MASTER AND SERVANT, § 872*—*when evidence insufficient to show a cause of action for interference with plaintiff's employment.* In an action to recover damages for interference with plaintiff's employment alleged to have resulted from defendant giving notice to plaintiff's employer of an assignment to him of plaintiff's wages, *held,* that the evidence was insufficient to show a cause of action, there being no evidence to show that plaintiff was discharged by reason of such notice nor to show that defendant had ever released its claim against plaintiff, and it appearing that defendant served said notice in good faith believing he had a valid claim against plaintiff.

2. MALICIOUS PROSECUTION, § 4*—*when action lies for malicious prosecution of a civil suit.* In this State an action will not lie for malicious prosecution of a civil suit where there is no interference with person or property.

3. DAMAGES, § 28*—*when not allowed for mental distress or anxiety.* In this State punitive damages may be recovered, but a plaintiff cannot recover for mental distress or anxiety not connected with physical injury.

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the October term, 1913. Reversed with finding of fact. Opinion filed June 15, 1914. Rehearing denied June 29, 1914.

BULKLEY, GRAY & MORE, for plaintiff in error.

EDWARD A. ZIMMERMAN and ABRAM L. MYERS, for defendant in error.

Mr. Presiding Justice Baker delivered the opinion of the court.

Plaintiff, McCormick, bought of Louis Weber & Company, a corporation, in 1904, 1905 and 1906, merchandise on the installment plan and to secure payment therefor executed several assignments of his wages. In December, 1907, plaintiff was in the employ of the Illinois Tunnel Company and the defendant gave notice to said company of such assignments. Plaintiff was notified by the Tunnel Company that he must have the matter straightened out before he could return to work. He spent considerable time in interviews with Johnson, the attorney of defendant, who at the end of three weeks withdrew the notice of assignment and plaintiff went back to his work. He testified that his wages during the time he was not at work would have amounted to fifty dollars or more.

November 16, 1911, plaintiff was in the employ of James A. Plew, and the defendant gave notice to Plew of the assignment by plaintiff to it of his wages. Plaintiff applied to defendant to waive or release the notice of the assignment of his wages, but the defendant refused to do so. He was not discharged by Plew and his pay was not withheld by Plew.

December 11, 1911, plaintiff brought this suit, claiming that by reason of the acts and conduct of defendant he had lost a position where he was earning thirty-five dollars per week and since 1908 had to work at an average of twenty-four dollars a week; that he had suffered great trouble, annoyance, mental distress and anxiety to his damage one thousand dollars, etc.

There is no evidence tending to show that he was ever discharged or that he lost any position because of the acts or conduct of the defendant. He testified that he left the employ of the Tunnel Company about March, 1908, and that he was at the time of the trial in the employ of Plew. There is no evidence tending to show that the defendant ever cancelled or released

its claim against the plaintiff. His testimony is that Johnson told him that he would "release his wages with the Tunnel Company," but that is a very different thing from releasing defendant's claim against the plaintiff. It clearly appears from the evidence that the defendant in good faith believed that it had a valid claim against the plaintiff for a balance due from plaintiff for articles purchased by him or by his order. The distinction between this case and the case of *London Guarantee & Accident Co. v. Horn*, 206 Ill. 493, is that in that case the only motive moving the defendant, a third party, was a desire to injure the employe and benefit himself by compelling the latter to surrender an alleged cause of action for the satisfaction of which, in whole or in part, such third party was liable; while in this case the motive of the defendant was to collect from the plaintiff a sum of money alleged to be due from him by serving notices of the assignment by him of his wages to the defendant. No suit was brought or threatened against either of plaintiff's employers. All that defendant did was to notify plaintiff's employers that he had assigned his wages to it.

McCormick's counsel cite and rely on the case of *Lopes v. Connolly*, 210 Mass. 487. In that case the defendant Connolly served on the employer of the plaintiff Lopes a notice of a supposed assignment by the plaintiff of his wages to the defendant, which in fact was made by a different person of the same name, and on being informed of the mistake unjustifiably refused to withdraw the notice and thereby caused the plaintiff's discharge, and it was held that the defendant was liable to the plaintiff in an action of tort for the damages resulting from such unlawful interference with his employment.

In many of the States an action may be maintained for the malicious institution, without probable cause, of a civil action which has terminated in favor of the defendant, although the process was by summons only

and the defendant was not arrested or held to bail or his property attached. Cooley on Torts (3rd Ed.) 350.

It is laid down or assumed in all the cases where such an action is sustained that an action for the malicious prosecution of a civil suit is governed by the same principles as one for the malicious prosecution of a criminal action. That such an action may be maintained in Massachusetts clearly appears from the opinion in *Allen v. Codman,* 139 Mass. 136. That was an action for the malicious prosecution without probable cause of an action of ejectment; the judge ruled that there was probable cause for defendant's action of ejectment, directed a verdict for defendant and the plaintiff alleged exceptions. In the Supreme Court it was said that the main question in the case was whether there was probable cause for the defendant's suit in ejectment, and it was held on a review of the evidence that there was. It was also held that as defendant was advised by counsel that the action of ejectment could be maintained, if he believed the advice he had probable cause; that the failure of the ejectment suit was not of itself evidence of want of probable cause, and the exceptions were overruled. In this State an action will not lie for malicious prosecution of a civil suit when there is no interference with person or property. *Smith v. Michigan Buggy Co.,* 175 Ill. 619.

In Massachusetts a statute provides that:

"Whoever wilfully causes, or aids and abets in causing such wages for personal services as are exempt from attachment to be attached by the trustee process for the purpose of unlawfully hindering or delaying their payment to the person to whom they belong shall, on complaint of the person injured thereby or of the guardian or other person having the lawful custody of any such person who is incompetent to act, be punished by a fine of not more than $50 to the use of the person injured thereby."

In this State there is no similar statute.

In Massachusetts vindictive or punitive damages are never allowed, but damages are allowed for mental distress and anxiety. *Burt v. Advertiser Newspaper Co.,* 154 Mass. 238; *Markham v. Russell,* 12 Allen 573.

In *Lopes v. Connolly, supra,* it was said, p. 495:

"The defendant's persistent and wilful interference also subjected the plaintiff to the injustice and discouragement of having his earnings withheld, and to the perplexity of decision as to what course he must take not only to vindicate his rights, but to prevent the impending loss of his situation, and for this mental distress and anxiety reasonable compensation could be recovered."

In this State punitive damages may be recovered, but a plaintiff cannot recover for mental distress or anxiety not connected with physical injury.

We think that this case is to be distinguished from the case of *Lopes v. Connolly* because of the difference in the decisions of the Supreme Courts of the two States on questions of law directly involved.

Our conclusion is that the evidence fails to show a cause of action in the plaintiff against the defendant, and that therefore the court erred in refusing to direct a verdict for the defendant, and for that error the judgment is reversed.

*Reversed.*