(February 16, 1923.)

## ANDREW CASTLES, Respondent, v. J. W. LYNCH and J. W. PHILLIPS, Doing Business as LYNCH & PHILLIPS, Appellants.

[212 Pac. 970.]

MALICIOUS PROSECUTION—EVIDENCE.

Evidence in this case examined and *held* sufficient to justify the verdict.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action for malicious prosecution. Judgment for plaintiff. *Affirmed.*

Stone & Jackson and Karl Paine, for Appellants.

Malice may be presumed where there is a want of probable cause. (18 R. C. L., p. 30, sec. 17, and cases cited.)

Probable cause exists for the prosecution of one for the violation of a statute, although the act is not in fact such violation, where the statute is of such doubtful construction that the prosecutor was thereby induced honestly to believe that it was so. (18 R. C. L., p. 36, sec. 21; *Whipple v. Gorsuch*, 82 Ark. 252, 101 S. W. 735, 10 L. R. A., N. S., 1133.)

"If probable cause exists, it is an absolute protection against an action for malicious prosecution, even when express malice is proved." (18 R. C. L., p. 33, sec. 19, and cases cited.)

F. H. Lyon and Ed. R. Coulter, for Respondent, cite no authorities.

DUNN, J.—This is an action brought by respondent against appellants for malicious prosecution in having re-

spondent arrested and tried on a charge of malicious or criminal trespass.

The jury returned a verdict against appellants and in favor of respondent for $1,000, for which sum judgment was entered against appellants. The appeal is from the judgment.

Appellants specify two errors as follows:

1. The court erred in giving to the jury instruction No. 5.

2. The evidence is insufficient to justify the verdict of the jury.

Instruction No. 5, so far as it is important in considering the first specification of error, is as follows:

"You are instructed that malicious or criminal trespass, as defined by the statutes of the state of Idaho, is committed whenever any person willfully commits a trespass by either; . . . .

"3. Maliciously injuring or severing from the freehold of another anything attached thereto, or produce thereof; . . . .

"And you are further instructed that seizing, taking and carrying away of hay which has already been cut from the land or freehold of another and placed in a stack on said lands, does not constitute a criminal trespass, and is not the subject of a prosecution for criminal trespass."

In actions for malicious prosecution, "In order to recover, want of probable cause and malice must co-exist, and must be alleged and proved." (*Russell v. Chamberlain,* 12 Ida. 299, 9 Ann. Cas. 1173, 85 Pac. 926; *Nettleton v. Cook,* 30 Ida. 82, 163 Pac. 300, L. R. A. 1917D, 1194.)

"It is the general rule that advice of counsel is a complete defense to an action for malicious prosecution either of civil or criminal actions where it appears that the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement to the attorney of all the facts, and the fact that the attorney's advice was unsound or erroneous will not affect the result." (18 R. C. L., sec. 27, p. 45; *Stewart v. Sonneborn,* 98 U. S. 187, 25 L. ed. 116; *King v. Apple River Power Co.,* 131 Wis. 575, 120 Am. St. 1063, 11 Ann. Cas. 951, 111 N. W. 668; *Monaghan v. Cox,*

155 Mass. 487, 31 Am. St. 555, 30 N. E. 467; *Shea v. Cloquet Lumber Co.*, 92 Minn. 348, 1 Ann. Cas. 930, 100 N. W. 111; *Le Clear v. Perkins*, 103 Mich. 131, 61 N. W. 357, 26 L. R. A. 627.)

We think there was no error in the giving of instruction No. 5, for the reason that it was proper for the jury to know that the facts shown against respondent did not constitute the crime charged. This fact it was proper for the jury to consider in connection with all the evidence in order to determine whether the prosecution had been begun in good faith in the belief that there was probable cause for such prosecution and whether or not the advice of counsel, on which appellants relied, was given in good faith.

As to the second specification of error, an examination of the record discloses evidence sufficient to justify the verdict and sustain the judgment.

The judgment is affirmed, with costs to respondent.

Budge, C. J., and McCarthy, J., concur.