## No. 10,233.

## O'MALLEY-KELLEY OIL & AUTO SUPPLY CO. *v.* GATES OIL CO., ET AL.

Decided April 2, 1923.

Action for damages for malicious prosecution.   Judgment for defendants.

### *Affirmed.*

1.  MALICIOUS PROSECUTION—*Want of Probable Cause.*  In an action for damages for malicious prosecution, it is incumbent upon plaintiff to show, among other things, absence of probable cause for the prosecution alleged to have been malicious.

2.  *Want of Probable Cause—Nonsuit.*  If the plaintiff is unsuccessful in his attempt to establish want of probable cause, and no dispute as to facts, nor any reasonable doubt concerning inferences to be drawn from them in respect to probable cause, a nonsuit should be directed.

3.  NONSUIT—*When Granted.*  If any element of proof necessary to make out the plaintiff's case, is wanting, it is the duty of the court, upon motion, to enter judgment of nonsuit.

4.  MALICIOUS PROSECUTION—*Probable Cause.*  The fact that the action upon which the prosecution is based, terminated in favor of the plaintiff, is not alone sufficient to sustain an action for malicious prosecution, there must be other evidence of want of probable cause.

5.  *Malice.*  Evidence of malice on the part of the person who instituted the action upon which the suit for malicious prosecution is based, is no evidence of want of probable cause.

6.  *Good Faith of Prosecutor.*  In an action for damages for malicious prosecution, if the person instituting the alleged malicious proceeding had an honest and reasonable belief that the charge was true, there is probable cause.

7.  APPEAL AND ERROR—*Excluded Evidence—Malicious Prosecution.*  In a malicious prosecution action, based on the filing of a petition in bankruptcy by defendants against plaintiff, the exclusion of offered evidence that plaintiff was not indebted to

one of the petitioners was not error, where it appeared that other signers of the petition were creditors.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. JAMES W. KELLEY, for plaintiff in error.

Mr. HENRY E. LUTZ, Mr. W. W. GRANT, JR., for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for malicious prosecution. The plaintiff is the O'Malley-Kelley Oil & Auto Supply Company, a corporation, and the defendants are the Gates Oil Company, a Wyoming corporation, and The Hendrie & Bolthoff Manufacturing & Supply Company, a Colorado corporation. At the conclusion of the evidence for plaintiff, the court granted a motion for non-suit made on behalf of both defendants. Judgment was entered for defendants, and plaintiff brings the cause here for review.

The alleged malicious prosecution consisted of the institution of bankruptcy proceedings in the District Court of the United States for the District of Colorado, by the defendants against the plaintiff.

The trial court, in the instant case, granted the motion for non-suit because it was of the opinion that "the evidence wholly fails to disclose that there was a want of probable cause which actuated the defendants in taking the steps which they did take and which the evidence shows they took."

It was incumbent upon the plaintiff to show, among other things, the absence of probable cause for the prosecution alleged to have been malicious. 26 Cyc. 20. If the plaintiff is unsuccessful in his attempt to establish want of probable cause, and when there is no dispute as to the facts, nor any reasonable doubt concerning the inferences to be drawn from them in respect to probable cause, it is the duty of the court to direct a non-suit. 26 Cyc. 112; *Gurley v. Tomkins,* 17 Colo. 437, 30 Pac. 344.

If any element of proof necessary to make out the plaintiff's cause is wanting, it is the duty of the court, upon motion of defendant, to enter judgment of non-suit. *Tripp v. Fiske,* 4 Colo. 24.

The defendant Hendrie & Bolthoff Company apparently took no interest in the bankruptcy proceedings. It joined in the petition, it is said, not because of any investigations of its own, but because it relied on representations made by the defendant Gates Oil Company. That situation, however, is no evidence of want of probable cause. It is merely a circumstance which might make the Hendrie & Bolthoff Company a joint tort-feasor in case the Gates Company is guilty of malicious prosecution. The Gates Oil Company was the prime mover in the bankruptcy proceedings. In those proceedings the judgment was for the present plaintiff, but that fact alone is not sufficient to sustain an action for malicious prosecution. There must be other evidence of want of probable cause. 26 Cyc. 47. Newell on Malicious Prosecution, 293. There is some dispute as to whether there is any evidence of malice on the part of the defendants, or either of them, when they instituted the bankruptcy proceedings. If there is such evidence, and we do not concede there is, it is no evidence of the want of probable cause. 26 Cyc. 22.

The plaintiff in error does not definitely state what is the evidence on which it relies to show want of probable cause. The trial court was of the opinion that not only did the plaintiff below fail to show evidence of want of probable cause but also disclosed the existence of probable cause. The record justifies that opinion.

The petition in bankruptcy charged that the plaintiff here transferred property with intent to hinder, delay or defraud its creditors. If in fact such allegation was not true, that of itself would not show want of probable cause, any more than a verdict and judgment for plaintiff in the former proceeding.

One of the alleged acts of bankruptcy charged in the petition in the former proceedings was the giving of a

chattel mortgage by plaintiff to the Eaton Metal Products Company. It is admitted that such mortgage was given, covering $4,260 worth of property to secure an indebtedness of $928. It was given at the request of the Products Company. Its representatives stated to plaintiff or its officers that they wanted the mortgage because they were afraid the Gates Oil Company might put plaintiff out of business. The record shows that in April, 1920 the assets of plaintiff were only worth $2,880, according to the tax schedule it filed. Some property was afterwards acquired. The petition in bankruptcy was filed November 3, 1920. This appears to have been done as soon as the Gates Company learned of the Products Company mortgage. Prior to that time the plaintiff gave numerous chattel mortgages on its automobiles and trucks.

We find no evidence tending to show that the Gates Oil Company did not have the honest and reasonable belief that plaintiff company committed an act of bankruptcy. If it did have such belief, and the evidence tends to show that, there was probable cause. Newell on Malicious Prosecution, 252. We are unable to find in the record sufficient evidence of the want of probable cause to take that issue to the jury. The motion for non-suit was properly sustained.

Plaintiff's witness was not permitted to testify that plaintiff owed nothing to the Gates Company at the time the latter filed the petition in bankruptcy, and it is claimed that the exclusion of that evidence was error. From all that appears in the record, the excluded evidence does not appear credible, but if it is to be taken as true, it would not have affected the result, and its exclusion is not prejudicial error. Other signers of the petition in bankruptcy were creditors of plaintiff. The Gates Company had been doing business with plaintiff to the extent of $12,500 from June 26, 1920 up to the time of the bankruptcy proceedings. The witness Bartow, an officer of the Gates Company, cross examined by plaintiff under the statute, testified he knew at the time the petition was filed that there was an

account against the plaintiff. Again, the plaintiff itself introduced in evidence Exhibit C which includes the instructions of the court in the bankruptcy proceedings, wherein the court states that plaintiff admits that it owes "Gates" $7,009.98. There is some argument as to what was meant by the name "Gates" but it is plain from the entire record that it meant the Gates Oil Company that signed the petition in bankruptcy.

We find no prejudicial error in the record. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE, concur.