(No. 6450. October 22, 1937.)

W. D. DONALDSON, Appellant, v. HAZEL MILLER and
L. L. SCHWASINGER, Respondents.

[72 Pac. (2d) 853.]

S. T. Schreiber, for Appellant.

Donald Anderson and F. W. Jarvis, for Respondents.

BUDGE, J.—Appellant instituted this action seeking the recovery of damages for an alleged malicious prosecution.

The record discloses that appellant and his son went upon a strip of land ten feet wide bordering the Hazel Miller property, there cut into wood certain trees which had partially blown down and removed the wood therefrom. While appellant and his son were so engaged respondent Schwasinger came to them and advised them to return it immediately. The following morning appellant talked with respondent Mrs. Miller, advising her he owned the strip of land, having acquired it through condemnation, to which Mrs. Miller replied that she knew he "had a strip of land there," that she was going to have her abstract examined and would know in the evening what she was going to do. Appellant and his son

were arrested that evening. A criminal complaint was filed· August 30, 1935, against appellant and his son. The Criminal Docket, pertaining to the case involved, and the original papers relating to the case, admitted in evidence as exhibits, disclose the following: On September 13, 1935, the case was transferred from the justice court to the probate court. The Criminal Docket then discloses:

"September 27, 1935. Upon motion of J. E. Eberle, attorney for defendants, which motion was concurred in by prosecuting attorney, this case was continued to October 5, 1935, at 10 :00 o'clock A. M., with the understanding that if defendants shall then have returned to complaining witness the wood in question this action may be dismissed. It was thereupon Ordered that hearing of this action be continued to October 5th, 1935, at 10 :00 o'clock A. M.

"October 5, 1935. This day the defendants appeared in court and informed the Court that they had not returned the complaining witness wood in question and paid the Court costs as heretofore agreed. Whereupon the Court set the case down for trial October 10, 1935, at the hour of ten o'clock A. M.

"October 9, 1935. This day the defendant paid the Court costs in the amount of $8.80."

Plaintiff's Exhibit "2," the receipt for the court costs above referred to bears date October 9, 1935. Appellant testified that the wood was returned *after the receipt was given,* or after the court costs had been paid. On February 5, 1936, appellant filed a notice of motion to dismiss, setting forth the following grounds:

"That there was no probable cause for said action."

"That said action was wrongfully brought in its inception for the reason that no crime or violation contrary to the form of the statutes of the State of Idaho had been committed by the defendants or either of them."

which motion was denied by the court. On February 10, 1936, an oral motion praying for an order of the court dismissing the action was heard and denied.

The case was set for trial February 19, 1936, and on this date an "amended Complaint, Criminal" was filed reciting in part:

"Personally appeared before me this 19th day of February, 1936, L. L. Schwasinger of Nampa in the County of Canyon who, being duly sworn, complains and says:

"That W. D. Donaldson, and J. L. Donaldson of Nampa on or about the 29th day of August, 1935, in the County of Canyon and State of Idaho, then and there being, did then and there commit a trespass by then and there wilfully, feloniously and unlawfully carrying away personal property belonging to another, to-wit: approximately four cords of wood the property of Hazel Miller and L. L. Schwasinger, of the value of less than $60.00, said wood then and there lying upon the land of said Hazel Miller and said land being inclosed by fences sufficient to show the boundaries thereof."

The case was finally tried to a jury which retired and later returned and stated "that they could not agree; that longer deliberation would not enable them, to agree," and the jury was dismissed. Upon motion of the prosecuting attorney the action was dismissed at defendant's costs March 23, 1936.

At the close of appellant's case in the instant action each of the respondents made a motion for nonsuit and each motion was granted by the court and judgment was entered accordingly, from which this appeal is taken.

▮ . Among other assignments of error appellant urges that the court erred in granting the motions for nonsuit. With respect to respondent Hazel Miller it appears beyond any question that said motion for nonsuit was properly granted since there was no evidence of any nature connecting her with the prosecution of the action alleged to have been malicious or with the procurement of such prosecution, nor is there evidence that she joined in such prosecution after it was instituted.

While there is some argument in appellant's brief to the effect that the criminal action should have been dismissed for the reason that it was agreed that it would be dismissed upon the return of the wood and payment of the costs, it appears without conflict from the record that appellant did not return the wood or pay the costs until after the time fixed therefor in the court's order.

With reference to the title to the strip of land from which the wood was cut and removed the record contains the fol-

lowing uncontradicted evidence: Prior to 1918 appellant owned the southeast quarter of the southwest quarter of section 36, Township 4, North of Range 2, West of Boise Meridian and at such time instituted condemnation proceedings with reference to the strip of land involved herein. The judgment in the condemnation action recites in part as follows:

"IT IS ORDERED, ADJUDGED AND DECREED that plaintiffs take and acquire and have for their use in fee for a drainage ditch to be used to drain the waste from the irrigating waters used in irrigating the southeast quarter (SE¼) of the southwest quarter (SW¼) . . . . the piece or parcel of land hereinafter described. (the strip of land from which the wood was taken.)"

It furthermore conclusively appears that the servient estate, at the time of condemnation, was owned by one Sears but is now owned by respondent Hazel Miller. The dominant estate, owned by appellant at the time of condemnation, was conveyed in 1918 by appellant and is now owned by one Basey. Appellant owns no land adjacent to the ten-foot strip, nor does he own any land affected by the easement or title obtained by condemnation. Appellant has had and claims no title to the strip of land and the wood thereon, save and except that disclosed by the condemnation proceedings.

In order to sustain the instant action against respondent Schwasinger it was incumbent upon appellant to prove, among other things, that there was, upon the part of respondent Schwasinger, want of probable cause for the prosecution alleged to have been malicious (*Russell v. Chamberlain,* 12 Ida. 299, 85 Pac. 926, 9 Ann. Cas. 1173; *Horner v. Chamberlain,* 12 Ida. 304, 85 Pac. 927; *Nettleton v. Cook,* 30 Ida. 82, 163 Pac. 300, L. R. A. 1917D, 1194; *Castles v. Lynch,* 36 Ida. 636, 212 Pac. 970; *Lowe v. Skaggs Safeway Stores, Inc.,* 49 Ida. 48, 286 Pac. 616; *O'Malley-Kelley Oil & Supply Co. v. Gates Oil Co.,* 73 Colo. 140, 214 Pac. 398; *Jones Leather Co. v. Woody,* 67 Okl. 184, 169 Pac. 878; *Allison v. Bryan,* 50 Okl. 677, 151 Pac. 610), and in this connection this court has adopted the related general rule that advice of counsel is a complete defense to an action for malicious prosecution either of civil or criminal actions where it appears that the prosecu-

tion was instituted in reliance in good faith on such advice, given after a full and fair statement to the attorney of all the facts, and the fact that the attorney's advice was unsound or erroneous will not affect the result. (*Castles v. Lynch, supra;* 18 R. C. L., sec. 27, p. 45; *Lowe v. Skaggs Safeway Stores, supra; Stewart v. Sonneborn,* 98 U. S. 187, 25 L. ed. 116; *King v. Apple River Power Co.,* 131 Wis. 575, 111 N. W. 668, 120 Am. St. 1063, 11 Ann. Cas. 951; *Monaghan v. Cox,* 155 Mass. 487, 30 N. E. 467, 31 Am. St. 555; *Shea v. Cloquest Lumber Co.,* 92 Minn. 348, 100 N. W. 111, 1 Ann. Cas. 930; *Le Clear v. Perkins,* 103 Mich. 131, 61 N. W. 357, 26 A. L. R. 627.) In other words, if in the instant case respondent Schwasinger instituted this prosecution in reliance in good faith upon the advice of the prosecuting attorney, and such advice was given after the prosecuting attorney was advised of or had gained full and fair knowledge of all the true facts, respondent Schwasinger would not be liable as for malicious prosecution, even though the prosecuting attorney's advice was unsound or erroneous; that is, even though in actuality there was want of probable cause for the prosecution.

In this connection the record is uncontradicted that respondent Schwasinger advised the prosecuting attorney with relation to the act of removal of the wood from the strip of land, which act is conclusively shown by appellant's own evidence to be true. The record also conclusively establishes the fact that the prosecuting attorney made an independent investigation of the records with reference to appellant's claimed title to the strip of land, growing out of the condemnation action; advised respondent Schwasinger that appellant had no title to the land or wood; and the prosecuting attorney stated that he realized from the beginning that it was a criminal case and drew and filed the criminal complaint and amended criminal complaint. These facts are uncontradicted. It conclusively appears from the record that the prosecuting attorney had all the true facts within his knowledge, and that upon such facts prepared and filed the criminal complaints. The record conclusively shows that if any mistake was made it was not the mistake of respondent Schwasinger and in any event it is clear from the record that the prosecution was instituted upon the advice of the prosecuting attor-

ney who had all the true facts before him. There being no dispute as to the facts, nor reasonable doubt concerning inferences drawn therefrom the court properly entered judgment of nonsuit. (*O'Malley-Kelley Oil & Auto Supply Co. v. Gates Oil Co., supra; Jones Leather Co. v. Woody, supra.*)

The rule would seem to be quite general that in an action for malicious prosecution the question of whether or not there was probable cause is determinable by the court as a matter of law unless there is some evidence in dispute which requires submission to the jury. (*Short v. Stuyvesant Ins. Co. of New York,* 6 Cal. App. (2d) 309, 43 Pac. (2d) 872.)

We have examined other errors assigned and due to the conclusion reached find it unnecessary to discuss them.

Upon a careful consideration of the entire record we have reached the conclusion that the trial court did not err in granting the motions for nonsuit.

The judgment is affirmed. Costs awarded to respondents.

Morgan, C. J., and Holden, Ailshie, and Givens, JJ., concur.