543 P.2d 1283 (1975)
BILL DREILING MOTOR COMPANY, a Colorado Corporation, Plaintiff-Appellant,
v.
Harry HERLEIN, Defendant-Appellee.
No. 75-001.
Colorado Court of Appeals, Div. II.
October 30, 1975.
Rehearing Denied November 20, 1975.
Certiorari Denied January 19, 1976.
*1284 Maley & Schiff, P. C., John T. Maley, Denver, for plaintiff-appellant.
Madden & Strate, P. C., William J. Madden, George J. Strate, Denver, for defendant-appellee.
Not Selected for Official Publication.
PIERCE, Judge.
Plaintiff, Bill Dreiling Motor Company (Dreiling), appeals from a directed verdict in favor of defendant Harry Herlein, in a malicious prosecution action. We affirm.
This action arose out of the following circumstances. An automobile owned by Herlein was stolen. As a consequence of the theft, he filed a claim with his insurance company, Travelers Indemnity Company (Travelers). After his claim was paid, he endorsed the certificate of title over to Travelers. Travelers then brought suit against Dreiling for conversion, based on the sale of the stolen automobile by Dreiling. The trial court entered judgment in favor of Travelers, and Dreiling appealed.
Prior to the determination of that appeal, this court issued its opinion in Bill Dreiling Motor Co. v. St. Paul Fire & Marine Insurance, 28 Colo.App. 318, 472 P.2d 153. In that case, we held that an insurer cannot simply rely on the assignment of a certificate of title as sufficient evidence of ownership to support a replevin action. After that opinion, but prior to our determination of Dreiling's appeal in the conversion suit initiated by Travelers in Bill Dreiling Motor Co. v. Travelers Indemnity Co., 29 Colo.App. 163, 482 P.2d 999, Herlein instituted an independent conversion action against Dreiling. Herlein's complaint was filed three days before the statute of limitations would have barred such a suit. Herlein's independent action was abated, however, after the trial court was candidly advised by counsel of the pending decision in the Travelers case.
After our decision in Travelers, Herlein's independent conversion suit was dismissed with prejudice pursuant to an earlier order of the trial court. This malicious prosecution action was then brought by Dreiling against Herlein. The trial court directed a verdict in favor of Herlein at the conclusion of plaintiff's case. This appeal followed.
Dreiling's first contention is that the trial court erred in directing a verdict in favor of Herlein. In this regard, Dreiling argues that since Herlein assigned his rights to Travelers, he had no title upon which to maintain an independent suit against Dreiling for conversion, and that this fact is conclusive as to the absence of probable cause for the institution of such suit by Herlein. Dreiling further argues that the question of the existence of malice presented an issue for the jury, rather than the court, to determine, and that therefore the entry of a directed verdict was error. We disagree.
*1285 In order to succeed in an action for malicious prosecution, Dreiling must allege and prove the institution of a legal proceeding by Herlein against Dreiling, determination of the matter in favor of Dreiling, the absence of probable cause for the initiation of the suit, and the presence of malice and damages. Lounder v. Jacobs, 119 Colo. 511, 205 P.2d 236. The absence of probable cause is the very substance of a malicious prosecution action, and the usual standards of human judgment and conduct determine what is and what is not probable cause. Lounder v. Jacobs, supra. The question faced here is whether Herlein had reasonable grounds for the institution of the action, Gurley v. Tomkins, 17 Colo. 437, 30 P. 344; the mere fact that Herlein's conversion suit was dismissed with prejudice is not determinative of the probable cause issue. O'Malley-Kelley Oil & Auto Supply Co. v. Gates Oil Co., 73 Colo. 140, 214 P. 398.
We hold that the trial court correctly determined that the evidence presented was insufficient as a matter of law to establish an absence of probable cause for the initiation of the action by Herlein.
The evidence offered by Dreiling in support of its malicious prosecution allegation consisted of the endorsed certificate of title and the testimony of an officer of the Dreiling corporation as to legal fees incurred as a consequence of Herlein's action, which fees had already been paid by Herlein. Dreiling requested that the trial court take judicial notice of our decision in the Travelers case; the trial court complied. Apart from showing that Herlein had instituted suit despite the assignment to Travelers, no evidence was proffered pertaining to the requisite elements of absence of probable cause and malice.
The undisputed facts of this case demonstrate that, as a matter of law, Herlein acted reasonably in instituting his suit against Dreiling. The litigation was initiated only after our decision in Bill Dreiling Motor Co. v. St. Paul Fire & Marine Insurance Co., supra; since the appeal in Traverlers concerned issues similar to those resolved in St. Paul, the St. Paul opinion understandably cast some doubt on whether Travelers was the appropriate party plaintiff in the conversion against Dreiling. Moreover, there was also good reason to believe that our opinion in the Travelers case would be issued after the date on which the statute of limitations would run on a suit by Herlein, and, in fact, that decision was rendered after the statute had run. Under these circumstances, Herlein was well advised to file an independent action for conversion. Indeed, the undisputed facts here demonstrate only the presence rather than the absence of probable cause. See Florence Oil & Refining Co. v. Huff, 14 Colo.App. 281, 59 P. 624; Konas v. Red Owl Stores, Inc., 158 Colo. 29, 404 P.2d 546. Accordingly, a directed verdict in favor of Herlein was properly entered. Gurley v. Tomkins, supra; Montgomery Ward & Co. v. Pherson, 129 Colo. 502, 272 P.2d 643.
Nor do we accept the argument that this case ought to have been submitted to the jury for determination of the issue of malice. Even if there had been sufficient evidence to demonstrate the absence of probable cause, there was no evidence on the issue of malice; thus, under the undisputed facts presented, malice could only be inferred from the absence of probable cause. Wyatt v. Burdette, 43 Colo. 208, 95 P. 336. Whether such undisputed facts warranted an inference of malice presented a question of law for the court, precluding submission to the jury. Koch v. Wright, 67 Colo. 292, 184 P. 363.
Dreiling also contends that the trial court erred in failing to take judicial notice of a statement made by the attorney for Travelers in the earlier conversion proceeding. The statement in question, made in response to a challenge by Dreiling to the maintenance of the action by Travelers, was an assertion that the insurer was the proper party plaintiff. Dreiling argues this statement definitely establishes that *1286 Herlein lacked probable cause in instituting suit. In this regard, Dreiling desired not only that the trial court take judicial notice of the statement, but also that the statement be considered determinative of the legal question of the entitlement of Herlein to maintain an independent action, and further, that the statement was conclusive on the issue of probable cause.
This position is without merit. First of all, except in limited circumstances, judicial notice is within the discretion of the trial court. See C. McCormick, Law of Evidence § 330 (1954). There has been no showing that the trial court abused its discretion here. Furthermore, even if judicial notice of the statement were warranted, prejudicial error will not be premised on the mere fact that the trial court did not consider the legal arguments of counsel, made in another proceeding, as being conclusive on the issue of the proper party plaintiff.
Judgment affirmed.
ENOCH and KELLY, JJ., concur.