## No. 9306.

### KOCH *v.* WRIGHT.

1. MALICIOUS PROSECUTION—*Malice—Probable   Cause—Burden   of Proof.*  The burden is upon plaintiff to prove malice and·want of probable cause.

2. *Inference of Malice from Absence of Probable Cause,* is not to be drawn in every case.

Probable cause is to be determined by reference to a common standard of conduct.

The jury must be instructed as to the circumstances which warrant the inference.

The law sanctions no rule which makes it dangerous for a citizen acting in good faith to set in motion those administering the criminal law, where he believes that a crime has been committed.

Negligence of the accusing party to ascertain the facts must have been gross, and so wanton and reckless as to indicate a wilful disregard of the rights of the party accused.

3. TRIAL—*Questions for the Court.*  Where in an action for malicious prosecution the facts are not in dispute, whether the inference of malice is to be drawn is for the court.

*Error to Denver District Court, Hon. J. E. Rizer, Judge.*

*Department One.*

Mr. HALSTEAD L. RITTER, for paintiff in error.

Mr. E. N. BURDICK, Mr. CARLE WHITEHEAD and Mr. ALBERT L. VOGL, for defendant in error.

Opinion by Mr. Justice Teller.

THE plaintiff in error seeks to reverse a judgment obtained against him by defendant in error in an action for malicious prosecution.

The parties will be here designated as they were in the trial court.

The plaintiff, with others, had been active in securing signatures to a petition to refer an act relating to the practice of medicine, passed by the 20th General Assembly, and the defendant was employed by an association of persons, who opposed the referring of said act, to investigate the genuineness of the signatures on said petition.

Said association had, prior to defendant's employment, caused several thousand of the names on the petition to be copied on index cards, on each of which, in addition to the name, there were numerals indicating the number of the sheet, the line thereon upon which the name was written, and the number given by the association for the purpose of the investigation to that portion of the petition of which said sheet formed a part. These cards were taken out by the investigators who indorsed thereon the result of their inquiries·as to the signatures.

Dr. Clark, who had general charge of this investigation, had collected a considerable number of these cards on which the reports showed that the persons whose names they bore had not signed the petition.

One of these cards bore the name "J. J. Connors", with the figures "5-1-11," and a memorandum "did not sign, James Connors".

· During the time of defendant's employment in this work, he learned that his name and that of his wife appeared on the petition, though neither had signed it.

Defendant, about the time the investigation was completed, and the petition found to be insufficient because it contained less genuine signatures than the law required, called upon the attorney of said association, and requested that he accompany defendant to the office of the District Attorney to lay before that officer the fact of said forgery of the name of defendant and his wife.

Defendant, having given to the District Attorney the facts as to his own case, was asked by that officer whether or not there were other cases of forged signatures on the petition; and, on defendant's replying that there were others, the District Attorney suggested that the other cases be brought to him for the purpose of prosecution.

Defendant then went to the office of Dr. Clark, told him what had been said by the District Attorney, and asked for the cards showing forged signatures.

From them he picked out the card above mentioned which bore the name of Connors, with the figures which gave the sheet bearing Connors' name as a part of petition number five. Defendant had heard Connors deny the genuineness of his signature when he testified on the hearing before the Secretary of State. The association had a list of circulators on which plaintiff appeared as circulator of petition number five.

Upon statements made by defendant the District Attorney prepared an information charging plaintiff with perjury in the making of the affidavit to the genuineness of the signature of Connors, which information was sworn to by defendant.

Plaintiff was arrested and released on bond. Some time afterward defendant learned that there was a mistake in the list of circulators and that plaintiff did not circulate said sheet.

Thereupon he wrote the District Attorney advising him that a mistake had been made and requested that the prosecution of plaintiff be dropped; which was accordingly done.

This action was then begun against defendant and the several members of said association.

A motion for non-suit was sustained as to all the defendants except Koch.

The verdict and judgment were for $2,000.

It should be further stated that defendant was not acquainted with plaintiff, and that before making the complaint he verified his recollection that Connors had denied

his signature in the hearing before the Secretary of State, by examining the records of that hearing.

The burden was upon the plaintiff to prove want of probable cause, and actual malice on the part of the defendant.

The plaintiff, to sustain the finding of want of probable cause, relies upon the failure of the defendant to examine the parts of the petition and verify the figures on the list of circulators, which, by mistake, showed that the plaintiff circulated petition 5.

To sustain the finding of malice, involved in the verdict for plaintiff, she relies upon the finding of want of probable cause.

Instruction Number 2 told the jury "that malice may be inferred from the fact of prosecution without probable cause," without advising them under what circumstances they might draw such inference.

While it is often said, and it has been said by this court, that malice may be inferred from want of probable cause, that clearly does not mean that it may be in every case inferred because it is found that the prosecution was begun without probable cause. The jury should be instructed as to the circumstances which justify such an inference.

The rule is better stated in 26 Cyc., p. 52, to the effect that malice may be inferred from the circumstances which establish want of probable cause, but is not a necessary inference therefrom.

This fact appears from the necessity of proving both want of probable cause and malice to make a case.

In defense, facts which are insufficient to show probable cause may be shown to meet the charge of malice.

While good faith is not equivalent to probable cause, it is sufficient justification as against the charge of malice in these cases. Probable cause is determined by reference to a common standard of conduct. Malice is to be determined by reference to the mind and motive of defendant. *Barron v. Mason*, 31 Vt. 189.

In *Sharpe v. Johnston*, 59 Mo. 575, the court said:

"Malice need not be proved by direct and positive testi-

mony but may be inferred from the facts which go to establish the want of probable cause; and this is all that is meant when it is said that malice may be inferred from want of probable cause."

Malice may not be implied, as is slander and libel where it is the ordinary basis of the slanderous or libelous statement, and where the implication as a matter of law is in accord with public policy which frowns upon such statements. In cases of malicious prosecution the law will sanction no rule which makes it dangerous for a citizen, acting in good faith, to set the criminal law in motion where he believes a crime has been committed.

In *Brown v. Willoughby,* 5 Colo. 1, this court said:

"In this action, if the want of probable cause be shown, the proof of actual malice is also required to sustain it. Here the law allows no presumption of malice, as it does in an action of slander. Actual malice may be proved by the acts and declarations of the party; or it may be inferred by the jury from the want of probable cause. The charge must be shown to be wilfully false. *Levy v. Brennan,* 39 California, 489; *Humphries v. Parker,* 52 Me. 507.

Where the evidence shows that accused was wholly innocent of the charge, and that there was no probable cause for the accusation, an action for malicious prosecution cannot be maintained in the absence of malice, which may be traceable to a spirit of hatred, revenge or other sinister or improper motive, denoting bad faith on part of the prosecutor. *Stone v. Crocker* 24 Pick. 87; 3 Phillips Ev. 572."

From the foregoing statements of the law it appears that the failure of defendant to make the inquiry which counsel assert he should have made, is not sufficient to prove malice.

There is no fact in evidence tending to show, much less to prove that defendant wilfully made a false charge against plaintiff.

He visited the district attorney's office, as any good citizen ought to do, to report a case of perjury of which

he had knowledge. His complaint against the defendant was due to a request by the district attorney that defendant report other offenses of the kind he had mentioned.

To justify the conclusion that his charge was wilfully false; his negligence in not ascertaining the facts must have been gross, amounting to such reckless and wanton action as indicates a wilful disregard of plaintiff's rights. Clearly such is not the case.

Defendant displayed no unreasonable credulity in accepting as correct the list of circulators which the association was using. Possibly a very cautious person would have made further investigation on the point, but failure to do so does not sustain the burden of proving malice.

When the facts are not in dispute, as in this case, whether they warrant an inference of malice is a question for the court. *Sharpe v. Johnston,* 76 Mo. 660.

We are of the opinion that the evidence is wholly insufficient to prove that defendant was guilty of malice in instituting the prosecution of plaintiff.

The judgment is accordingly reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.

Decided June 2nd, A. D. 1919. Rehearing denied October 6th A. D. 1919.