No. 14,773.

SMITH *v.* HENSLEY.
(109 P. [2d] 909)

Decided January 6, 1941.   Rehearing denied February 3, 1941.

Mr. O. A. JOHNSON, Mr. O. W. WEBBER, for plaintiff in error.

Mr. WILLIAM O. DE SOUCHET, for defendant in error.

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF and her husband (an attorney at law, deceased since this suit was started) are hereinafter re-

ferred to as Mr. and Mrs. Smith, respectively, and defendant in error as Hensley.

Because the record herein left plaintiff in error without the shadow of right to relief, we were obliged to affirm this judgment; and because the law applicable thereto was so simple that an intelligent layman should not have been misled, we could write nothing in explanation in this particular case without apparent reflection upon counsel. Overanxious, possibly, to avoid such reflection, we affirmed without written opinion. Within the time limited, following, a petition for rehearing was filed. Since that petition is signed only by Mr. O. A. Johnson the following comment must be taken as applying to him alone.

This petition recites that plaintiff in error does "respectfully petition," and closes with the statement that, "We therefore respectfully submit." Nothing else about it is respectful. It opens with a charge that affirmance without written opinion was prompted by the court's desire to avoid the work of writing, and its inability, if it attempted to give reasons, to affirm without overruling a long and unbroken line of decisions to the contrary. The fact that a decision against counsel by the very able trial judge was approved by a department consisting of a majority of the judges of this court, seems never to have raised a suspicion in his mind that he might have blundered, and the nonchalance with which he has led his client into this costly review of a judgment of $55.00 is perhaps consistent with the slipshod work appearing on the face of the petition before us. We commend to counsel a rereading of the second paragraph of the oath administered to newly admitted members of the bar (Rule 83, R.C.P. Colo. 223), and our Rule 83a (Rule 224, R.C.P. Colo.) immediately following that oath.

Mr. and Mrs. Smith claimed a shack located in the little town of Nederland. This claim rested upon a bill of sale by the alleged agent of the alleged owner. Hens-

ley claimed the same shack by virtue of a tax deed to the land on which it stood. In the course of the dispute Hensley got possession and moved the shack. Plaintiff and her husband induced the deputy district attorney to prosecute Hensley for larceny. Hensley was acquitted and thereupon brought this action against Mr. and Mrs. Smith for malicious prosecution. They counterclaimed for the value of the property. The cause was tried to a jury which found that the Smiths owned the property and that its value was $25.00, but that the Smiths were guilty of malicious prosecution and that Hensley's actual damages amounted to $40.00, and awarded him exemplary damages of $40.00, or a balance of $55.00. Such, briefly, is the story of the judgment before us, to reverse which we have here, on behalf of Mrs. Smith, a transcript of 190 pages, typewritten abstract (wholly superfluous) of 60 pages, 10 assignments of error, petition for supersedeas and final judgment thereon, 30 pages of briefs, and five pages of this petition for rehearing. Since no question presented by the assignments found the slightest support in the record we mention here only the one re-argued (in plain defiance of our Rule 48) in the petition before us, i. e., that Mrs. Smith made a full, fair, and accurate disclosure of all material facts to her husband and to the deputy district attorney and thereby became impregnable to this attack.

Admittedly the interest and conduct of Mr. and Mrs. Smith were identical. The claims and acts of one were those of the other and both were made defendants. If two lawyers were sued for damages for malicious prosecution they could scarcely defend on the ground that each had made a full and fair disclosure to the other and acted on his advice. For the same reason Mrs. Smith cannot defend on the advice of her husband. No legal knowledge is essential to a comprehension of that conclusion, hence we dismiss all reference to what Mrs.

Smith may have told Mr. Smith, or what advice he may have given her.

▇ It is next asserted that a full and fair disclosure was made to the deputy district attorney who instituted the prosecution with complete knowledge of all material facts, hence Mrs. Smith was not liable. In support of that proposition the following, inter alia, are cited: *Climax Dairy Co. v. Mulder,* 78 Colo. 407, 242 Pac. 666; *Van Meter v. Bass,* 40 Colo. 78, 90 Pac. 637; 18 R.C.L., p. 36, §21. Before examining these we should here interpolate that counsel's argument in his 26 page opening brief is divided into eight propositions and that now under consideration is not one of them. Also that the record discloses that the Smiths were putting much pressure on the deputy district attorney to bring this prosecution, and that their most potent argument, and the one apparently finally effective, was that the Smiths were residents and taxpayers whereas Hensley was an outsider.

In the Climax Dairy case, supra, the statute in question made certain acts misdemeanors, irrespective of intent, and the question was did "other beverages," as used therein, include milk? The district attorney thought it did and so advised Snow who made affidavit for a search warrant and filed the complaint following. We held the contrary and that Mulder had been prosecuted under an inapplicable statute for acts not amounting to a misdemeanor, basing our decision upon the Van Meter case. The latter depended upon the applicability of a statute concerning the practice of medicine to one limiting his practice to osteopathy. It will be readily seen that this, like the preceding, involved the interpretation of a questionable statute and presented a problem for a lawyer, not a layman, and one who in good faith and with a full disclosure took such advice and acted upon it should not be liable for his error.

R.C.L., supra, states the majority rule that "probable cause" has reference to the state of mind of the instiga-

tor of the prosecution, i. e., honest belief in guilt supported by facts sufficiently strong to warrant that belief in a cautious man. Apparently counsel too soon grew weary in his reading. Had he followed it to section 30, page 48, id., he would have learned, what reason without authority should teach, that advice of counsel, to be a defense, must be acted upon in good faith. For example, a shrewd lawyer who induced an ignorant, careless, or dishonest prosecutor to persecute his enemy, well knowing no crime had been committed, could not, in a suit for malicious prosecution, hide behind "advice of counsel" and "official conduct." For the same reason a layman, irrespective of full disclosure, would not be protected if he charged B with the murder of C by striking him with a knife in the city of Denver on the tenth day of January, 1938, at the same time well knowing that throughout that entire month B was in the city of Chicago. Advice of counsel is no defense for one who, by statements known to him to be false, instigates a criminal prosecution, and there is no law to the contrary. 38 C.J., p. 435, §82; *Burke v. Watts,* 188 Cal. 118, 204 Pac. 578.

Applying the foregoing to the facts before us what do we find? Mrs. Smith, well knowing that Hensley never intended to steal anything, but was making a bona fide claim to the shack in question, and grounding that claim upon a tax deed to the lot on which it stood, and simply attempting to exercise acts of ownership over property he believed to be his, instigated a criminal prosecution explicitly charging that Hensley "did willfully, unlawfully and feloniously take, steal, and carry away a certain frame building, the property of one Violet A. Smith of the value of $50.00." On the question of which owned the property she may well have taken legal advice, and that advice followed in good faith after a full disclosure, would have been a complete defense. But on the question of Hensley's intent, and the charge that he willfully stole, no legal advice was necessary

and such advice is no defense because she knew better than the deputy district attorney that Hensley claimed to be the owner, and she knew upon what he based that claim. The judge knew and carefully and correctly instructed the jury that if she "acted in good faith upon the advice of such attorney in instituting and carrying on the prosecution against the plaintiff for the protection of the public" this would be "a full and complete. defense." Of course the jury found that she had not "acted in good faith" and to emphasize that finding returned a small verdict for exemplary damages. Such findings and verdict are not only supported by the record, but the jury could not well have found the contrary since all the evidence was that Hensley believed himself to be the owner and had no intention to steal.

We pass over the apparent incongruity that a counterclaim for the value of this shack was allowed and set off in a suit for malicious prosecution, and the further fact that since Hensley had a tax deed for the lot and the shack was attached to it he probably owned the shack. Since both these questions were decided in favor of Mrs. Smith we give them no further consideration. We regret the necessity for the use herein of some of the foregoing language, but counsel asked for it. Whatever note of harshness it may contain is in fact excessive tenderness when read in the light of this record and the state of the law.

Rehearing denied.

MR. JUSTICE YOUNG, MR. JUSTICE KNOUS and MR. JUSTICE HILLIARD concur.