GeoꞬɢᴇ A. Sᴜᴄʜᴇʏ *v.* Eᴅᴡᴀʀᴅ L. Sᴛɪʟᴇs, ᴇᴛ ᴀʟ.
(394 P.2d 739)

Decided August 17, 1964.

Messrs. McLᴇᴀɴ and McLᴇᴀɴ, Mr. Jᴏsᴇᴘʜ P. Lᴇᴡɪs, for plaintiff in error.

Messrs. Rᴏʙɪɴsᴏɴ and Cᴜʀʀᴀɴ, for defendant in error.

*In Department.*

Opinion by Mʀ. Jᴜsᴛɪᴄᴇ Mᴏᴏʀᴇ.

Wᴇ will refer to the parties by name. Suchey, as plain-

tiff in the trial court, brought an action against Stiles, and others, to recover damages for an alleged false arrest and malicious prosecution theretofore caused by Stiles. In his complaint Suchey alleged that on August 31, 1960, Stiles signed and swore to a criminal complaint before a Justice of the Peace charging that Suchey committed the crime of larceny; that said charges were false, malicious and were filed without probable cause. It was further alleged that Suchey was arrested, imprisoned, deprived of his liberty, fingerprinted, photographed and interrogated; that he was arraigned and examined upon said charge and was fully discharged and exonerated; that as a result of the filing of said charge by Stiles, and his arrest and detention thereunder, he suffered damage. He also sought exemplary damages.

The answer of Stiles was a general denial of material facts alleged by Suchey. At at pre-trial conference it was stipulated that Stiles did sign a criminal complaint August 31, 1960, charging Suchey with the crime of larceny; that there was a trial thereon before a Justice of the Peace; and that the court found the issues in favor of Suchey and the charge was dismissed at the trial. It was also stipulated that the property allegedly stolen was a piece of galvanized culvert pipe 16 feet in length and 12 inches in diameter; that Suchey did take the pipe and that it was the same pipe which Stiles claimed to own; and that Suchey picked up the pipe from property not owned by him, and installed it on his own property.

The evidence disclosed that defendant Stiles discovered the pipe in possession of Suchey on the 16th of August 1960, and under cross-examination defendant Stiles testified:

"Q. Would this have been around the 16th of August that this occurred?

"A. It could have; I wouldn't know.

"Q. And did you then go back to Mr. Suchey's house at a later date and have any conversation with him about it?

"A. No, sir, I have not.

"Q. Have you ever gone to Mr. Suchey's house?

"A. No, sir, I have not.

"Q. Have you ever made demand for the culvert?

"A. Only through this arrest.

"Q. Through the arrest. Is that the way you figured to get your culvert back?

"A. That's right.

"Q. And you have never at any time asked him for the culvert; is that right?

"A. No. No."

A witness, Mr. Crow, testified that he was the original owner of the pipe and that he had told Suchey that he could have it. After a lapse of some considerable time Suchey had not taken the pipe and he then gave it to Stiles. He also testified that the first "gift" to Suchey was not limited as to time when the pipe should be taken and that Suchey was not informed concerning the subsequent "gift" to Stiles. Trial was had to a jury and a verdict was returned in favor of Suchey for $3,500.00 actual and $500.00 exemplary damages.

Stiles filed a motion for judgment notwithstanding the verdict, or in the alternative for a new trial. The grounds of the motion were that Suchey had failed to establish any malice on the part of Stiles; that no lack of probable cause to institute the prosecution was shown; and that no damages had been proven.

The trial court denied the motion for judgment notwithstanding the verdict and granted the motion for a new trial. Counsel for Suchey thereupon elected to stand upon the record as made, and thereafter the trial court entered judgment in favor of Stiles. In granting the motion for new trial, and thereafter entering the judgment following the election of Suchey to stand upon the record, the trial court erred.

■■ Stiles himself made the statement that he had filed the criminal complaint to get possession of an old culvert which he thought belonged to him. There is evi-

dence that he had importuned a business associate of his in a mutual water company to assist him on the theory that the culvert belonged to the water company. He filed a criminal complaint against the advice of the deputy district attorney. He had adequate legal remedy for the protection of his rights, if any, to the culvert in question. He made no demand on Suchey for delivery of the culvert to him, nor did he ever make known to Suchey that he claimed to be its owner. He testified that he filed the criminal action against Suchey in order to get possession of the culvert. In a similar case this court said:

"* * * Legal processes, other than criminal prosecution, were available to defendant under such circumstances and when defendant proceeded as he did, it was without regard to the rights of plaintiff and in a spirit of indifference as to the injury that might result. The usual standards of human judgment and conduct determine what is and what is not probable cause." *Lounder v. Jacobs,* 119 Colo. 511, 205 P.2d 236.

Malice in such cases is any motive other than a desire to bring an offender to justice. *Smith v. Hensley,* 107 Colo. 180, 109 P.2d 909; *Montgomery Ward and Company, et al., v. Pherson,* 129 Colo. 502, 272 P.2d 643. There was no error in the trial resulting in the verdict in favor of Suchey which justified the granting of a new trial.

The judgment is reversed and the cause remanded with directions to re-instate the verdict of the jury and to enter judgment thereon in favor of Suchey, together with interest on the award of the jury from the date the verdict was returned.

MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.