No. 21082.

KATHRYN KONAS *v.* RED OWL STORES, INC.
(404 P.2d 546)

Decided July 26, 1965.

30

Elias J. Candell, for plaintiff in error.

Grant, Shafroth, Toll & McHendrie, Donald B. Gentry, for defendant in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

Kathryn Konas brought a malicious prosecution action against Red Owl, alleging that she suffered damage as the result of a malicious institution against her by Red Owl of a so-called short check charge (1960 Perm. Supp., C.R.S., § 40-14-20), which criminal proceeding had theretofore culminated in a determination by a jury of her peers that she was not guilty of the offense.

Upon trial of the malicious prosecution action and after Konas had rested her case, Red Owl moved for a directed verdict in its favor on the ground that Konas had failed to establish, prima facie, that Red Owl acted maliciously and without probable cause in instituting and prosecuting the short check charge against her. The trial court granted this motion and a judgment dismissing the Konas claim was duly entered. By writ of error Konas now seeks reversal of this judgment dismissing the action.

█ The only issue to be resolved is whether the trial court acted properly in holding that Konas failed to establish, prima facie, that Red Owl acted maliciously and without probable cause in the institution and prosecution of the short check charge against her. In our view the trial court under the circumstances committed no

error in this regard, and hence the judgment must be affirmed.

Before examining the record as made upon trial, it is deemed helpful to recognize certain basic principles which govern the disposition of this controversy. It is essential to a recovery in an action for malicious prosecution that the prosecution complained of must have been maliciously instituted. And though, as the name implies, malice is the root of an action for malicious prosecution, malice alone is not enough. A want of probable cause for the institution of the proceeding complained of, whether such proceeding be civil or criminal in nature, must also be shown. See 34 Am. Jur. pp. 727, et seq.

In *Gurley v. Tomkins,* 17 Colo. 437, 30 Pac. 344 this court said that mere proof of malice — without also showing a want of probable cause — was not sufficient to sustain an action for malicious prosecution. In connection therewith it was further observed that though malice may sometimes be inferred from a want of probable cause, a want of probable cause can never be inferred from malice alone. Finally, in that same case it was stated that whether a "given state of facts or circumstances amounts to probable cause for the prosecution, or on the contrary, is a question of law for the court" and that it is only where there is a dispute as to the existence of those facts which are relied upon as constituting probable cause that the matter is ever one to be determined by the jury. To like effect, see *Montgomery Ward and Company v. Pherson,* 129 Colo. 502, 272 P.2d 643.

"Probable cause" for a criminal prosecution has been defined in this jurisdiction in a variety of ways, though in each instance the dominant theme has been the same. Thus, in *Florence Oil & Refining Co. v. Huff,* 14 C.A. 281, 59 Pac. 624, the Court of Appeals said:

"In the nature of things Gumaer [who was the agent for the company which had allegedly maliciously prose-

cuted Huff] must form his judgment from outside appearances; and if those appearances, although they have belied the facts, furnished a reasonable ground of suspicion and were of such a nature as to warrant a person of ordinary caution, in coming to the conclusion that a crime had probably been committed, the defendant, by following the appearances, and acting upon the conclusion to which they led, incurred no liability to the plaintiff."

In *Gurley v. Tomkins, supra,* this court held as a matter of law that the facts and circumstances under which the defendant in that case had acted "were sufficient to justify him as a man of ordinary caution and prudence in proceeding with the suit instituted by his assignors . . . ." In *Smith v. Hensley,* 107 Colo. 180, 109 P.2d 909, "probable cause" with reference to malicious prosecution was held to mean "the state of mind of the instigator of the prosecution" and contemplates "an honest belief in guilt supported by facts sufficiently strong to warrant that belief in a cautious man." And, finally, in *Montgomery Ward and Company v. Pherson, supra,* it was said that a defendant in a malicious prosecution action may have probable cause for the filing of a criminal charge even though subsequent events may prove such charge to be erroneous and that in order to constitute probable cause it is only necessary that there be "a belief held in good faith by the prosecutor in the guilt of the accused, and that such belief be reasonable and prudent."

Application of these well-established rules to the facts and circumstances of the instant case leads inevitably to the conclusion that the trial court did not err in holding that Konas failed to establish, prima facie, that Red Owl acted maliciously and without probable cause in instituting the short check charge against her. In this regard let us look at the record.

Konas admittedly made and delivered a short check to Red Owl in return for which she obtained various and

sundry items of merchandise. The manager of the particular Red Owl store where this short check was passed made repeated efforts to contact Mrs. Konas in regard to the short check. But all such efforts proved fruitless. Specifically, the store manager telephoned Konas, but received no answer. He then made a personal trip to her residence but found no one at home. Later, he made a second call to the Konas home during the evening hours, again to no avail.

Red Owl sent by mail a written notice to Konas advising her that the check was "short." And the store manager did himself send a personal letter to Konas concerning the short check which she had passed in his store. No response to these letters was ever received.

Red Owl presented this check to the drawee bank on two separate occasions, and on each occasion there were insufficient funds in the bank to "cover" the check. In connection therewith on each occasion the bank itself, in conformity with the usual banking practice, sent appropriate notice to Konas, all of no avail. The store manager of Red Owl testified that he was aware of the practice of banks to notify depositors when their accounts were overdrawn.

When the manager of the Red Owl store several weeks later presented the matter to the sheriff's office, the bank was once again called to ascertain whether, as of that date, there were sufficient funds to "cover" the check, and it was learned that there were not. It was on this state of facts and circumstances that the manager of the Red Owl store instituted the short check charge against Konas.

In response to a specific inquiry as to just why the manager was of the belief that Konas had passed the short check in his store "with an intent to defraud or deceive," the witness replied as follows:

"After I tried to contact her by telephone, personally and by letter, and knowing that the bank had sent her two notices, because the check had gone through the

bank twice, I assumed that she did not want to take care of the check and that she had intentions to defraud."

Does all of this show that Red Owl acted maliciously and without probable cause? Or, on the contrary, does such tend to establish that Red Owl "in good faith" believed that Konas was guilty of violating the short check statute and that such belief was "reasonable and prudent" under all the circumstances?

We deem it unnecessary to belabor the obvious. It is quite apparent to us from the foregoing recital of the evidence adduced by Konas upon trial that she failed to establish, prima facie, that Red Owl acted out of malice and without probable cause. Indeed the evidence in this regard shows on the contrary that Red Owl acted *with* probable cause and *not* out of malice.

There being no dispute as to the facts of the case or the reasonable inferences therefrom, the matter was accordingly one of law to be resolved by the court, and not by the jury. See *Gurley v. Tomkins, supra,* and *Montgomery Ward and Company, supra.* The trial court committed no error and the judgment is therefore affirmed.

Mr. Justice Sutton and Mr. Justice Schauer concur.