**Marion SANCETTA, d/b/a Westate Sales Co., Plaintiff–Appellant,**

v.

**APOLLO STEREO MUSIC COMPANY, INC., a Colorado Corporation; Salem Investment Company, Inc., a Colorado Corporation; Jack Hackett, Stanley Singer, and A. A. DeBaca, Defendants–Appellees.**

No. 78–1121.

Colorado Court of Appeals, Div. III.

May 22, 1980.

Rehearing Denied July 3, 1980.

Certiorari Denied Sept. 22, 1980.

Tinsley, Frantz, Fleming & Davidson, P. C., Roger V. Davidson, Albert T. Frantz, Lakewood, for plaintiff–appellant.

Bohm, Connell & McLellan, Bruce G. McLellan, Lawrence Katz, Lakewood, for defendants–appellees.

PIERCE, Judge.

Plaintiff appeals a directed verdict for defendant granted at the close of plaintiff's case in a malicious prosecution action. We reverse.

In a malicious prosecution action, the burden is on plaintiff to prove (1) that defendants were parties to or assisted in a prior action against plaintiff; (2) that the prior action ended in favor of plaintiff; (3) that there was no probable cause for the prior action; (4) that defendants' participation in the prior action was motivated by malice; and (5) that as a result of the prior action, plaintiff incurred damages. *Montgomery Ward & Co. v. Pherson*, 129 Colo. 502, 272 P.2d 643 (1954); *See Colo. J.I.* 17:1 (2d Ed. 1980). Here, the trial court ruled that plaintiff had presented sufficient evidence on all elements of malicious prosecution except the element of malice. It found that plaintiff had presented no evidence which tended to show that defendants' prior action against plaintiff was motivated by malice, and, therefore, the trial court entered a directed verdict for defendants. *See Suchey v. Stiles*, 155 Colo. 363, 394 P.2d 739 (1964).

Only when the facts which relate to the issue of malice are undisputed is a question of whether those facts warrant an inference of malice one for the court. *Koch v. Wright*, 67 Colo. 292, 184 P. 363 (1919). There were disputed factual issues relating to the purported acts of plaintiff which were the basis of defendant's prior legal action against plaintiff, as well as the disputed evidence relating to whether there was probable cause for the commencement and continuation of the prior action.

Malice may be inferred from a lack of probable cause. *Florence Oil & Refining Co. v. Huff*, 14 Colo.App. 281, 59 P. 624 (1900). In an action for malicious prosecution where there are disputed factual issues and where it has been determined that there was no probable cause for the prior legal action, the existence of malice is an issue to be determined by the jury. *Wyatt v. Burdette*, 43 Colo. 208, 95 P. 336 (1908). Here, because there were disputed factual issues relating to probable cause, and, therefore, the permissible inference of malice, a directed verdict at the close of plaintiff's case was improper.

Judgment reversed and cause remanded for a new trial.

BERMAN and VAN CISE, JJ., concur.