**Timothy R. SCHENCK,**
**Plaintiff–Appellee,**

v.

**MINOLTA OFFICE SYSTEMS, INC.,**
**Victor J. Yosha, and Russell**
**Rumley, Defendants–Appellants.**

**No. 89CA0649.**

Colorado Court of Appeals,
Div. II.

June 28, 1990.

Rehearing Denied July 26, 1990.

Certiorari Denied Dec. 17, 1990.

Clifford L. Beem & Associates, P.C., Clifford L. Beem, Stuart D. Mann, Denver, for plaintiff-appellee.

Rothgerber, Appel, Powers & Johnson, Michael D. Nosler, Kris J. Kostolansky, Mark Spitalnik, Denver, for defendants-appellants.

Opinion by Judge JONES.

In this action for malicious prosecution, defendants, Minolta Office Systems, Inc., Victor J. Yosha, and Russell Rumley, appeal from the judgment entered on jury verdicts returned against them and in favor of plaintiff, Timothy R. Schenck. We affirm.

Plaintiff was employed by American Office Equipment Company, Inc. (AOE), from January 1972 until January 1985. Defendant Yosha was AOE's vice-president, and defendant Rumley was an employee of AOE.

In November 1984, Minolta purchased AOE. At that time, Yosha asked plaintiff to sell certain accumulated office equipment. In December 1984, plaintiff moved equipment and supplies needed to perform his selling duties from the AOE warehouse to a separate storage facility. Testimony at trial revealed that plaintiff completed the paperwork necessary to document this action, that Yosha had agreed to allow plaintiff to use the supplies to sell the equipment, and that Yosha was upset because plaintiff had recently given his notice of resignation to start his own company.

On February 5, 1985, Yosha ordered another AOE employee to notify the Jefferson County Sheriff's Department of a theft at AOE. After an investigation, a criminal complaint alleging theft was filed against plaintiff.

On May 31, 1985, AOE commenced a civil suit against plaintiff for alleged violation of non-competition agreements. Thereafter, in November 1985, plaintiff signed a settlement agreement and mutual release with respect to AOE's civil claims. The agreement made no mention of the criminal complaint against plaintiff.

On June 21, 1985, in the criminal case, after plaintiff's preliminary hearing, a county judge found that probable cause existed and bound plaintiff over to the dis-

trict court for trial. Subsequently, the District Attorney moved to dismiss the criminal complaint because of insufficient evidence.

## I.

Defendants first contend that the underlying criminal case was terminated as a result of plaintiff's compromise and settlement of his civil liability. They assert, therefore, that the criminal case was not terminated "in plaintiff's favor" and that the trial court erred in failing to dismiss plaintiff's malicious prosecution claim. We disagree.

■ A malicious prosecution action based on a criminal prosecution will not lie unless the underlying criminal action was terminated in plaintiff's favor. Favorable termination is generally taken to mean either a determination of not guilty or dismissal of the charges. *Land v. Hill*, 644 P.2d 43 (Colo.App.1981).

However, termination of a criminal matter resulting from negotiation, compromise, settlement, or agreement is not considered a favorable termination. *Bell Lumber Co. v. Graham*, 74 Colo. 149, 219 P. 777 (1923); *Land v. Hill, supra.*

■ Here, plaintiff and defendant did enter into a settlement agreement with regard to civil claims. However, nothing in that agreement concerns the then pending criminal complaint against the plaintiff and that criminal matter is not mentioned in the agreement. Moreover, the assistant district attorney assigned to the case testified that the District Attorney's office was solely responsible for the decision to move for a dismissal, and that the primary reason for seeking dismissal was that office's conclusion that it could not prove the case beyond a reasonable doubt.

We find no merit in defendant's assertion that the dismissal of the criminal complaint resulted from plaintiff's settlement of the civil claims against him. Thus, there was no error in the trial court's rejection of defendants' motion to dismiss plaintiff's malicious prosecution claim.

## II.

Defendants next contend that the trial court committed reversible error by refusing to give an instruction that the finding of probable cause by the county court judge creates a rebuttable presumption of probable cause. Again, we disagree.

Presumptions are rules of convenience, based on experience or public policy, so certain in their character that when they are established by the presentation of certain underlying facts the effect is to create a prima facie case upon which judgment may be rendered in the absence of contrary evidence. *See Murray v. Montgomery Ward Life Insurance Co.*, 196 Colo. 225, 584 P.2d 78 (1978).

■ The strength of a rebuttable presumption, absent case law or statutory prescription to the contrary, must be measured on a case by case basis in way of determining whether the weight of evidence contrary to the presumption has overcome it. *Clive v. Boulder*, 35 Colo. App. 349, 532 P.2d 770 (1975). However, a presumption "disappears", and "an instruction [concerning that presumption] should not be given when direct and credible evidence supports a contrary conclusion...." *City & County of Denver v. DeLong*, 190 Colo. 219, 545 P.2d 154 (1976). *See CJI-Civ.* 2d 3:5 (1988 Supp.) (Version 3)

■ As a general rule, if a magistrate binds over a person charged with a criminal offense, this establishes a rebuttable presumption of probable cause for purposes of a subsequent malicious prosecution claim. *Wigger v. McKee*, — P.2d — (Colo. App. No. 88CA1523, June 7, 1990). *See Stainer v. San Luis Valley Land & Mining Co.*, 166 F. 220 (8th Cir.1908).

Here, however, the record reflects that plaintiff presented ample evidence contrary to the rebuttable presumption. And, as occurred with the presumption of due care in the *DeLong* case, we determine that the presumption of probable cause here "disappeared" upon the presentation of strong, credible evidence supporting the conclusion of no probable cause. Thus, the giving of an instruction as to the presumption was

not required. *See City & County of Denver v. DeLong, supra.*

Moreover, when the plaintiff in the related civil action shows that perjured testimony was received during the preliminary hearing in the criminal matter, or that such hearing was otherwise significantly irregular, the rebuttable presumption of probable cause is not established. *Wainauskis v. Howard Johnson Co.,* 339 Pa.Super. 266, 488 A.2d 1117 (1985); *Adamson v. May Co.,* 8 Ohio App. 3d 266, 456 N.E.2d 1212 (1982).

In *Wainauskis,* the Pennsylvania Superior Court held that the trial court did not err in refusing to give an instruction that the actions of the magistrate in ordering plaintiff to be charged constitute affirmative evidence of probable cause since the plaintiff had established throughout the trail that the employer withheld and misrepresented material facts to the prosecuting authorities.

Likewise here, plaintiff successfully established that Yosha and Rumley willfully misrepresented and withheld material information from the prosecution and from the criminal court. Thus, the presumption of probable cause disappeared and it was not error to reject the instruction.

### III.

Defendants next contend that the trial court erred in failing to give defendants' tendered instruction that collateral estoppel applied to the county court's finding of probable cause at the preliminary hearing.

Collateral estoppel bars relitigation between the same parties of issues actually determined at a previous trial.

■ Four elements are required for issue preclusion: 1) The issue sought to be precluded must be identical to an issue actually and necessarily decided at a prior proceeding; 2) there must have been a final judgment on the merits at the first proceeding; 3) there must be identity of parties or privity of parties against whom the doctrine is asserted; and 4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceed-

ing. *Williamsen v. People,* 735 P.2d 176 (Colo.1987).

■ A party against whom collateral estoppel is asserted does not have a full and fair opportunity to litigate an issue if there was not adequate incentive to contest that issue in the initial proceeding. *See Salida School District v. Morrison,* 732 P.2d 1160 (Colo.1987); *Whitley v. Seibel,* 676 F.2d 245 (7th Cir.1982), *cert. denied,* 459 U.S. 942, 103 S.Ct. 254, 74 L.Ed.2d 198 (1982).

■ Here, plaintiff had little incentive to litigate the probable cause determination at the preliminary hearing because at such a hearing, all inferences must be drawn in favor of the prosecution and all evidence is to be viewed in a light most favorable to the prosecution. *See People v. Spurrier,* 712 P.2d 486 (Colo.1986).

In *Whitley v. Seibel, supra,* a case factually similar to this one, the court concluded that a plaintiff asserting a claim under 42 U.S.C. § 1983 (1982), was not collaterally estopped by a prior preliminary hearing finding of probable cause. The court refused to apply collateral estoppel because in the criminal preliminary hearing, the plaintiff had little incentive to raise questions of police misinformation, or to present his alibi defense, and generally failed to attack the veracity of the state's case against him. Thus, those issues were not litigated in that hearing.

Here, as in *Seibel,* plaintiff did not present his case during the preliminary hearing. The judge at the preliminary hearing never confronted the issue of whether defendants had lied to, or concealed evidence from, law enforcement authorities. Under these circumstances, collateral estoppel does not apply. *See Industrial Commission v. Moffat County School District Re No. 1,* 732 P.2d 616 (Colo.1987).

Moreover, the issue of probable cause in the malicious prosecution proceeding is not identical to the probable cause issue in the preliminary hearing.

The sole focus at the preliminary hearing was whether the state had probable cause to believe plaintiff committed a crime. However, in the malicious prosecution proceeding, the issue was whether the defen-

dants had probable cause to believe plaintiff committed the crime. *See Konas v. Red Owl Stores, Inc.*, 158 Colo. 29, 404 P.2d 546 (1965).

Since the issues involved in the two proceedings were not identical, collateral estoppel does not apply. *Colorado Springs v. Industrial Commission*, 749 P.2d 412 (Colo.1988).

### IV.

■ We also reject defendants' contention that the trial court erred in refusing to instruct the jury regarding the impact of the November 26, 1985, settlement agreement and mutual release.

The settlement, by its express terms, released defendants from claims "which [plaintiff has] as of the date hereof against AOE, whether known or unknown."

"A release ordinarily operates on the matters expressed therein which are already in existence at the time of the giving of the release. Accordingly, ... demands subsequently maturing or accruing, are not as a rule discharged by the release unless expressly embraced therein or falling within the fair import of the terms employed." *Matter of Vehm Engineering Corp.*, 521 F.2d 186 (9th Cir.1975); *Johnson v. Twin Falls Canal Co.*, 66 Idaho 660, 167 P.2d 834 (1946), *cert. denied*, 329 U.S. 782, 67 S.Ct. 202, 91 L.Ed. 671 (1946).

Favorable termination of the underlying criminal action is an essential element of a malicious prosecution claim. *Sancetta v. Apollo Stereo Music Co., Inc.*, 44 Colo. App. 292, 616 P.2d 182 (1980).

Here, at the time the release was executed, the criminal prosecution against plaintiff was ongoing. Accordingly, plaintiff's claim of malicious prosecution did not accrue until after the release. Moreover, nothing in the release agreement mentions a possible future malicious prosecution claim by the plaintiff.

The trial court concluded, and we agree, that the release, by its very terms, related only to then existing claims. We, therefore, conclude that the trial court did not err in refusing defendant's tendered instructions regarding the effect of the November 26, 1985, release.

### V.

■ Finally, defendants contend that the trial court erred by admitting a notebook into evidence without sufficient foundation. We disagree.

Testimony at trial established that the notebook was a business file on the plaintiff prepared by Rumley and that it contained copies of the paperwork plaintiff completed when he moved the office equipment. It was offered to show that defendants knowingly instituted the wrongful criminal proceeding. An AOE employee found the notebook and gave it to plaintiff's brother-in-law, who at trial testified that he neither gave plaintiff the notebook nor allowed him to view its contents prior to trial.

The sufficiency and competency of evidence admitted at trial are within the sound discretion of the trial court, and its decision will not be reversed unless it is shown to be erroneous or an abuse of discretion. *Short v. Downs*, 36 Colo. App. 109, 537 P.2d 754 (1975).

Here, although the AOE employee could not be absolutely certain that the notebook presented at trial was the same one he found, the brother-in-law testified competently that it was the same notebook. Moreover, an employee who assisted Rumley in compiling the notebook positively identified the exhibit as the same book.

We conclude that the testimony, taken as whole, established a sufficient foundation to allow the court to admit the evidence and the jury to weigh the conflicting testimony. *People v. Smith*, 182 Colo. 228, 512 P.2d 269 (1973). Thus, the trial court did not abuse its discretion in receiving the notebook into evidence.

Defendants' remaining issues are not meritorious.

The judgment is affirmed.

SMITH and METZGER, JJ., concur.