KELLY, Circuit Judge,
dissenting.
The defendants bought their peace with the plaintiffs when each plaintiff signed a broad release in exchange for a severance benefit (that otherwise would not have been paid) consisting of four weeks of the plaintiff-employee’s base salary, plus two additional weeks of base salary for every completed year of service. Under the court’s analysis, the plaintiffs may be entitled not only to the severance pay granted in exchange for the release, but also sixty days back pay in accordance with the WARN Act.
The court holds that in the case of an aggregated mass layoff, an employee’s WARN Act claims do not accrue until all elements of such a claim are satisfied, including the requirement of a mass layoff. At the same time, the court holds that the duty to notify occurs prior to the layoffs that will ultimately be aggregated to comprise the mass layoff. According to the *664 court, the release in this case[1] only covers past and present claims as of the date of signing, and excludes future claims, including claims which accrue after the release was signed. The court reasons that because the WARN Act claims did not accrue until after the release was signed, the plaintiffs are not barred by the release. In other words, once the WARN Act claims accrued, the WARN Act applies and only then would the plaintiffs have such claims to release. Some authority exists for the proposition that a release containing a temporal limitation does not encompass claims that have not accrued because certain elements must later come into existence unless such claims fall within a fair reading of the release terms. In re Vehm Eng’g Corp., 521 F.2d 186, 188-89 (9th Cir.1975); see also Sherman v. Am. Water Heater Co., Inc., 50 S.W.3d 455, 459-461 (Tenn.Ct.App.2001) (claim for mandatory indemnification did not arise until employee had a final, favorable judgment which came after release); Schenck v. Minolta Office Sys., Inc., 802 P.2d 1131, 1135 (Colo. Ct.App.1990) (malicious prosecution claim did not accrue until after subsequent favorable termination of prosecution, which came after release).
Here, the legal duty to notify and its breach occurred before the release was executed, and a fair reading of the release is that it encompasses such claims. It is a mistake to focus on the date of accrual in these circumstances, rather than the date on which the defendants breached their legal duty to the plaintiffs. This breach must have occurred, if at all, “as of the date of this release,” and therefore the agreement released the defendants from all potential legal liability arising from it.
We begin with the proposition that “[o]nce a party establishes that his opponent signed a release that addresses the claims at issue, received adequate consideration, and breached the release, the opponent has the burden of demonstrating that the release was invalid because of fraud, duress, material mistake, or some other defense.” Williams v. Phillips Petroleum Co., 23 F.3d 930, 935 (5th Cir.1994). The parties in this case disagree about whether the release is broad enough to encompass the WARN Act claims; there is no dispute that the release is enforceable as to the claims it encompasses. See Wright v. Southwestern Bell Tel. Co., 925 F.2d 1288, 1292 (10th Cir.1991) (listing seven factors to be considered in deciding whether a release is knowing and voluntary).
In interpreting a release, our job is to give effect to the intent of the parties when the release was signed. Joe v. First Bank Sys., Inc., 202 F.3d 1067, 1070 (8th Cir.2000). A release need not specifically mention WARN Act claims to encompass them. See Int’l Ass’n of Machinists & Aerospace Workers, AFL-CIO v. Compania Mexicana de Aviacion, S.A. de C.V., 199 F.3d 796, 799 (5th Cir.2000); Williams, 23 F.3d at 936. Public policy *665 favors enforcement of unambiguous release agreements. Joe, 202 F.3d at 1070.
According to the plaintiffs, the defendants “could have drafted Plaintiffs’ releases to include any and all claims, known and unknown, past, present and future. They did not. Instead, they drafted it to include only claims that had arisen (known or unknown) ‘as of the date of this Release.’” Aplees. Br. at 35 (emphasis in original). This analysis fails to consider the terms of the release as a whole. By its terms, this very broad release encompasses “any claims, liabilities, demands, or causes of action, known or unknown, that I have ever had, now have, or may claim to have had.” There is a past, present and future orientation and the claims may be known or unknown — it is clear that the defendants exchanged generous severance benefits for a release of all claims relating to the layoffs. The phrase “as of the date of this release” is really no different than limiting the release to events occurring on or before its execution — a standard feature of most release agreements. See, e.g., Rogers v. General Elec. Co., 781 F.2d 452, 455 (5th Cir.1986); Smith v. Verizon Commc’ns, Inc., No. CIV-04-190-M, 2005 WL 1907307, at *1-3 (W.D.Okla. Aug.10, 2005).
Indeed, it is doubtful that a release could validly waive claims lacking a nexus to events which have occurred and still be consistent with public policy. There is no requirement that every element of a cause of action be satisfied as of the date of the release. Rather past, present and future claims, liabilities, demands, or causes of action are contemplated. See Chaplin v. NationsCredit Corp., 307 F.3d 368, 372 (5th Cir.2002) (construing release “from any and all claims, suits, demands, or other causes of action of any kind ... arising at any time in the unlimited past” and noting that “[t]he terms of the releases unambiguously reveal an intent to cover every imaginable cause of action ... ”); Shutes v. Harrisburg Elementary Sch., No. 98-35330, 1999 WL 1020963, at *2 (9th Cir. Nov.8, 1999) (in concluding that attorney’s fees were barred by a similar release, court noted the absence of ambiguity when the release was considered as a whole and that the terms “demand” and “claims” have “no implication of being limited to the assertion of a cause of action”). Here, the claim, demand, or cause of action is based upon a failure to give notice as of the date of termination in accordance with the WARN Act. The only reasonable construction of the agreement in light of the facts is that the failure had occurred “as of the date of this release” and is encompassed therein. When coupled with its reference to the payment as a “Severance Benefit,” it is plain that the agreement was intended to exchange severance benefits for a release of all liability related to the layoffs. The difficulty with the court’s construction is that it confuses the potential legal implications of the facts (which would become apparent later) with the facts themselves. I respectfully dissent.

. The release provides in pertinent part;
I agree that my Severance Benefit is in full satisfaction of any claims, liabilities, demands or causes of action, known or unknown, that I ever had, now have or may claim to have had against the Company or any [of] its parents, ... as of the date of this Release, except claims for workers' compensation insurance and unemployment insurance benefits. Any claims whether for discrimination, including claims under state law, Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act, wrongful termination, breach of contract, breach of public policy, physical or mental harm or distress, or any other claims, are hereby forever released and I agree and promise that I will not file any legal action asserting any such claims.
Aplt.App. 280.