FILED
United States Court of Appeals
Tenth Circuit

August 30, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALMA RUBI CHAVEZ-TORRES,

    Plaintiff - Appellant,

v.

THE CITY OF GREELEY;
ERIN GOOCH,

    Defendants - Appellees.

No. 15-1447
(D.C. No. 1:14-CV-01187-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

    Plaintiff Alma Rubi Chavez-Torres appeals the district court's order granting

summary judgment in favor of defendants, the City of Greeley, Colorado, and

Greeley Police Officer Erin Gooch, in her 42 U.S.C. § 1983 complaint alleging

malicious prosecution.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

On February 8, 2012, a woman attempted to cash a fraudulent check at a bank but quickly left when a bank employee began to investigate, leaving behind the forged check and a driver's license. The forged check was made payable to Alma Rubi Chavez-Torres, and the driver's license belonged to Chavez-Torres. The next day, Officer Gooch went to Chavez-Torres's home and arrested her for forgery and possession of a forged instrument. Chavez-Torres, who spoke little or no English, denied any involvement in the check forgery. However, at a hearing on February 10, 2012, a judge found probable cause to charge her. Chavez-Torres remained in jail until March 28, 2012, when the prosecutor dismissed the charges against her, citing an inability to prove her guilt.

Chavez-Torres then brought this § 1983 action against the defendants alleging malicious prosecution. To prevail on a Fourth Amendment § 1983 malicious prosecution claim, a plaintiff must show the following five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007). The defendants first moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The

district court dismissed some claims,[1] but concluded the complaint plausibly alleged a malicious prosecution claim.

Defendants then moved for summary judgment, asserting Officer Gooch had probable cause to arrest Chavez-Torres. Officer Gooch's affidavit noted that both of the two items left at the bank were linked to Chavez-Torres and that when Officer Gooch interviewed Chavez-Torres, Chavez-Torres avoided eye contact and her hair appeared newly colored, possibly to change her appearance. Officer Gooch had previously reviewed the video from the bank's camera, which, though grainy and of low resolution, led her to conclude the perpetrator shared the same gender, race, hair color and length, and approximate size as Chavez-Torres.

In response, Chavez-Torres alleged there were significant physical differences between her and the description of the perpetrator. Further, she alleged Officer Gooch failed to review still photos from the video or arrange a line-up for bank employees, and didn't arrange for a Spanish-English interpreter, thus, she couldn't answer Officer Gooch's questions or provide the names of alibi witnesses.

The district court granted summary judgment to defendants because Chavez-Torres failed to meet her burden to demonstrate either that Officer Gooch lacked probable cause to arrest her or that Officer Gooch acted with malice, two of the required elements of a malicious prosecution claim. Chavez-Torres moved for

---

[1] Chavez-Torres does not appeal the district court's Rule 12(b)(6) dismissal of those claims.

relief from judgment under Fed. R. Civ. P. 60(b), which the district court denied.
She now appeals.

## II. DISCUSSION

"We review a district court's grant of summary judgment de novo, applying the same legal standard as the district court." *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 997 (10th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011).

On appeal, Chavez-Torres first argues that genuine issues of material fact remain as to whether Officer Gooch had probable cause to arrest her. She also challenges the district court's malice ruling, arguing that she relied on the district court's earlier Rule 12(b)(6) ruling in not presenting any evidence that Officer Gooch acted with malice.

We have held that malice, in the context of malicious prosecution, requires evidence of intent, not mere negligence. *See Novitsky*, 491 F.3d at 1258-59 (ruling evidence of misstatement in arrest report was insufficient evidence of malice when plaintiff failed to show misstatement was intentional rather than negligent or inadvertent); *Fletcher v. Burkhalter*, 605 F.3d 1091, 1095 (10th Cir. 2010) (stating malice in § 1983 malicious prosecution claims "requires intentional or reckless disregard of the truth"). We have also said that "we use the common law elements of

4

malicious prosecution as the starting point" for the analysis of a § 1983 malicious prosecution claim. *Novitsky*, 491 F.3d at 1257 (internal quotation marks omitted). Colorado, where this incident occurred, defines "malice" in state malicious prosecution claims as "any motive other than a desire to bring an offender to justice." *Suchey v. Stiles*, 394 P.2d 739, 741 (Colo. 1964).

Chavez-Torres argues she didn't present any evidence of malice because the district court had previously ruled in its Rule 12(b)(6) order that her complaint plausibly alleged malice. But Chavez-Torres fundamentally misunderstands the distinction between a Rule 12(b)(6) motion and a Rule 56 summary judgment motion. The court's role at the Rule 12(b)(6) stage is "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks omitted). In contrast, at the summary judgment stage, "[f]or dispositive issues on which the plaintiff will bear the burden of proof at trial, [s]he must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [her] case in order to survive summary judgment." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (internal quotation marks omitted). In short, the Rule 12(b)(6) ruling didn't relieve Chavez-Torres of her burden to present evidence that Officer Gooch acted with malice.

We note that the defendants didn't raise any argument related to malice in their motion for summary judgment. The rules do permit a court to grant a summary

5

judgment "motion on grounds not raised by a party," but only "[a]fter [first] giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f)(2). Here, nothing in the record indicates the district court gave Chavez-Torres this required notice. But Chavez-Torres doesn't assert this Rule 56(f)(2) error as a basis for reversal on appeal; her opening brief makes no mention of Rule 56(f)(2) and she makes only a passing reference to Fed. R. Civ. P. 56(f)(3) in her reply brief. Appellants are required to identify their appeal arguments in their opening brief, Fed. R. App. P. 28(a)(8)(a), and consistent with this requirement, we routinely decline to consider arguments not raised, or inadequately presented, in an appellant's opening brief. *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). [2]

Significantly, given the district court's sua sponte malice ruling, Chavez-Torres didn't use her Rule 60(b) motion to lodge any Rule 56(f)(2) objection to the lack of notice.[3] There, as here, Chavez-Torres argued only that she didn't

---

[2] Because Chavez-Torres is represented by counsel, her appellate briefs are not afforded a liberal construction.

[3] In any event, we note that we will not reverse based on a lack of notice under Rule 56(f) "if the losing party suffered no prejudice from the lack of notice." *Johnson v. Weld Cty.*, 594 F.3d 1202, 1214 (10th Cir. 2010). Further, unlike a situation in which no motion for summary judgment has been filed and the court sua sponte grants judgment, we are less inclined to find prejudice when a motion for summary judgment has been filed. *Cf. Jones v. State Farm Mut. Auto. Ins. Co.* __ F. App'x __, 2016 WL 3457619 at *9 (noting when a motion has been filed, "' the judge already is engaged in determining whether a genuine issue of material fact exists and the parties have been given the opportunity to present evidence designed either to support or refute the request for entry of summary judgment.'" (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2720 (3d ed. 1998).)

present evidence of malice because she believed she could rely on the Rule 12(b)(6) ruling that she had plausibly alleged malice in her complaint.[4] Thus, even if the district court erred by granting summary judgment on the malice element without giving Chavez-Torres notice and an opportunity to respond, Chavez-Torres waived this argument by failing to pursue it before the district court or raise it on appeal prior to her reply brief. *See McKenzie v. U.S. Citizenship & Immigration Servs.*, 761 F.3d 1149, 1154-55 (10th Cir. 2014) (refusing to consider arguments not raised in the district court or first raised in a reply brief).

Regarding the malice element, Chavez-Torres has made only conclusory, unsupported allegations that Officer Gooch was motivated primarily by a desire to finish her investigation quickly and that the Greeley Police Department created a culture that stressed clearing a case and making an arrest rather than charging the right person. But these conclusory allegations are insufficient at summary judgment stage. Rather, evidence "must be based on more than mere speculation, conjecture, or surmise[, and u]nsubstantiated allegations carry no probative weight in summary judgment proceedings." *Cardoso*, 490 F.3d at 1197 (bracket omitted). Chavez-Torres also repeats her allegations that Officer Gooch conducted a flawed investigation and used Chavez-Torres's children as interpreters. To the extent she

---

[4] Chavez-Torres attached to her Rule 60(b) motion an amended affidavit, adding new allegations, none of which was newly-discovered evidence and most of which were simply conclusory, unsupported allegations. We do not consider these new allegations, as a Rule 60(b) motion is not an appropriate vehicle to advance new supporting facts that were available but not raised at the time of the original argument. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).

7

may be arguing that malice can be inferred from a lack of probable cause, we agree with the district court for the reasons it specified that Chavez-Torres failed to present evidence from which a reasonable jury could conclude Officer Gooch lacked probable cause to arrest her.

Given the absence of any evidence that Officer Gooch acted with malice, we affirm the district court's grant of summary judgment to the defendants.

Entered for the Court


Nancy L. Moritz
Circuit Judge

8